## STATE V. KING.

1. The words "illicit connection", as used in the statute defining seduction under promise of marriage, are equivalent to "setual intercourse."

2. The presence of a witness during the taking of testimony in violation of an order of exclusion, is not ground for rejecting his testimony, unless the party calling him connived at his disobedience.

3. Under Laws 1895, Chap. 64, Sec. 2, requiring the state's attorney to indorse on the information the names of the witnesses known to him at the time of filing the same, and, at such time before the trial as the court may direct, also to indorse thereon other witnesses then known to him, witnesses whose names are not so indorsed are properly allowed to testify, in the absence of any showing that they were known to the state's attorney before the trial began.

4. In a prosecution for seduction, testimony as to defendant's bad reputation for chastity up to the time he was accused was properly received, though the crime was committed several months prior thereto.

5. In a prosecution for seduction, an unsigned typewritten letter, inclosed in an envelope, addressed to the prosecutrix, and postmarked at a place where defendant was then staying, asking prosecutrix to go to that place, and be treated by a physician, was properly admitted; it appearing that she was then pregnant, that defendant had previously given her medicine to relieve her, that she told no one except him of her condition, and that when she complied with the request in said letter, she was taken in charge by an intimate friend of defendant.

6. Under Comp Laws, Sec. 7386, requiring the testimony of the prosecutrix in cases of seduction under promise of marriage to be corroborated by other evidence "tending to connect defendant with the commission of the offense," the testimony of the prosecutrix that such an offense was committed need not be corroborated.

(Opinion filed April 27, 1897.)

Appeal from circuit court, Campbell county. Hon. L. E. GAFFY, Judge.

George F. King was convicted of seduction under promise of marriage, and brings error. Affirmed.

The facts are stated in the opinion.

*O. C. Treadway* and *G. N. Williamson*, for plaintiff in error.

There must be some evidence outside of the testimony of the prosecutrix tending to connect the defendant with the com-

mission of the offense, and mere opportunity will not be sufficient corroboration.    State v. Araah, 7 N. W. 601; State v. Smith, Id. 402; Baird v. Boehner, 33 Id. 694; State v. Enke, 51 Id. 1146; State v. Bollerman, 61 Id. 183.

*Melvin Grigsby*, Attorney General, for defendant in error.

The fact that pregnancy followed soon after the connection testified to, corroborates the witness.    State v. Heatherton, 14 N. W. 230.

HANEY, J.    This is a prosecution upon information for seduction under promise of marriage.    The words "illicit connection" as employed in the statute defining the crime, are equivalent to "sexual intercourse."    Therefore the facts stated in the information constitute a public offense, and defendant's demurrer was properly overruled.

The trial court made an order excluding witnesses.    Defendant objected to one on the part of the state, for the reason that he was present during the taking of testimony.    In the absence of any showing to the contrary, it will be presumed the witness had not violated the order of exclusion, but, if he had, it was not a reason for excluding his evidence, unless the party calling him connived at his disobedience.    1 Bish. Cr. Proc. 1191.

The act providing for prosecutions upon information contains the following:    "All information shall be filed during the term in the court having jurisdiction of the offense specified therein, by the state's attorney of the proper county as informant; he shall subscribe his name thereto, and endorse thereon the name of the witnesses known to him at the time of filing the same and at such time before the trial of any case as the court may by rule or otherwise prescribe; he shall also endorse thereon each other witness as shall then be known to him."    Laws 1895, Chap. 64, § 2.    This provision should not be permitted to defeat the ends of justice.    Were it repealed, persons accused of crime would be deprived of no constitutional or sub-

stantial right.    There is no more reason for requiring that the
defendant shall know in advance what witnesses will be called
against him than that the government shall know in advance
what witnesses will be called by the defendant.    Fairly con-
strued the section requires the names of all witnesses known to
the state's attorney to be endorsed before the trial begins; but
it does not preclude the government from calling witnesses
whose names are not on the information.    It is the state's
attorney's duty, when the information is filed, to indorse the
names then known, and before trial to add all then known;
but he can add names only under a general rule or special order
of court.    Names should not be added after the trial begins,
because, if they were previously known, they should have been
previously indorsed, and, if not, it is unnecessary.    Persons
whose names should have been, but which are not, indorsed,
cannot testify; all others can.    Public officers are presumed to
have done their duty.    When any witness is objected to be-
cause his name is not endorsed on the information, the objector
should show that he was known to the state's attorney before
the trial began.    In the absence of any showing to that effect,
the objections should be overruled.    The court below did not
err in allowing witnesses to testify whose names were not on
the information.    An identical provision has been considered
by the supreme court of Michigan.    Hill v. People, 26 Mich.
496; People v. Hall, 48 Mich. 482, 12 N. W. 665; People v.
Moran, 48 Mich. 639.

Defendant having put his character in issue, witnesses for
the state, in rebuttal, were permitted to testify that they knew
defendant's general reputation for chastity and morality in the
vicinity in which he resided during 1896, and prior to May 25th
of that year, and that it was bad.    The crime was committed,
if at all, in the preceding February, and defendant insists that
evidence touching his character should have been restricted to
a period preceding the latter date.    Manifestly, it is improper
to introduce evidence showing the talk of people caused by the

charge upon which the accused is being tried, and witnesses should state their knoweldge of his reputation before being accused thereof; but there was no error in allowing the questions to be asked as they were in this case, for the reason that the undisputed evidence shows that defendant was not accused prior to May 25, 1896, and the evidence offered by the state could not have been predicated upon any rumors resulting from defendant's conduct towards the prosecutrix.

A typewritten letter without signature, and an envelope addressed to the prosecutrix, postmarked "Aberdeen," were received in evidence, over defendant's objection. The letter, dated "Aberdeen, May 19th," reads as follows: "A gentleman of the name of Fred Werner came to my office about three months ago, and asked me to relieve you of your trouble in case you should need it. I will do this if you will come to Aberdeen. All arrangements have been made for taking care of you by the best physician in the city. Be sure and be here on the depot platform Monday evening, May 25th. Give this note to your father and tell him to consent to your coming." There is evidence tending to show that defendant was at Aberdeen when this letter was mailed. The prosecutrix testifies that she received it from a neighbor who frequently brought mail to her father's house; that she opened it, and then gave it to her father; that she was then pregnant; that defendant had known of her condition since the preceding March, and had given her medicine which he said would relieve her of her trouble, and that, prior to the receipt of this letter, she had informed no one of her condition, except the defendant. When, in response to its invitation, the girl went to Aberdeen, she was promptly taken in charge by an intimate friend of the defendant, who was evidently acting under his directions. In view of all the evidence, the fair, natural, almost irresistable, inference is that the letter came from defendant or some one prompted by his suggestion. In any event it was an important circumstance in the case, and it was for the jury to determine what, if any,

connection the defendant had with sending it. There was no error in admitting either the letter or the envelope in which it was received.

In cases of seduction under promise of marriage in this state, "the defendant cannot be convicted upon the testimony of the person injured unless she is corrobated by other evidence tending to connect the defendant with the commission of the offense." Comp. Laws, Sec. 7386. In some states, as in Minnesota, the law provides that no conviction shall be had "on the testimony of the female seduced unsupported by other evidence"; and it is there held that she must be corroborated upon every material fact constituting the crime. State v. Timmens, 4 Minn. 325, (Gil. 241). The statutes quoted are substantially different. Where, as in this jurisdiction, a person charged with any crime may be a witness in his own behalf, there is no necessity of extending the rule requiring corroboration beyond the plain and manifest meaning of the statute. In all criminal trials there are two ultimate facts to be established, namely, the commission of the alleged crime, including all facts constituting it, and the defendant's connection with its commission. The orderly method of considering evidence is to inquire, first, whether the alleged crime has been committed—that is, whether the facts constituting it have been proven;, and then whether the accused was concerned in its commission. Under the statute in this state, corroboration is required only as to the second inquiry. In other words, the defendant can be convicted upon the testimony of the person injured if she is corroborated by other evidence tending to connect him with the commission of the offense. As said by the supreme court of Iowa under substantially the same statute: "It is true that the testimony of the prosecuting witness may be sufficient to show such an offense, and that the corroboration need only tend to connect the defendant with the offense." State v. Bollerman, 61 N. W. 183; Code Iowa 1873, § 4560. That the prosecutrix was an unmarried female of previous chastity, and that there was an act of

sexual intercourse under a promise of marriage, are facts which may be found from her evidence alone; but the jury cannot conclude that the accused is the guilty person, unless there is evidence other than that of the prosecutrix tending to prove that fact. If this view of the statute be taken, and the entire charge of the court considered, it will be readily seen that the cause was submitted to the jury in a manner more favorable to defendant than the law requires. Even under the rule contended for by the plaintiff in error, if the entire charge be considered, no reversible error will be found. Having once clearly defined the meaning of corroborating evidence as applicable to the case on trial, it was not necessary for the court to repeat such definition every time he referred to that subject.

It is contended that the prosecutrix's evidence shows there was no consent on her part, and therefore no seduction. All the evidence has been carefully examined. It would serve no useful purpose to give the details of her story. It was probably told in a crowded court room. She was only 17, a farmer's daughter, evidently of limited education and experience. As is usual in such cases, she insists that her virtue was overcome by force. That there was less resistance than her answers upon cross-examination imply is evident from her conduct, as shown by all the evidence; and, if everything was done precisely as she says it was, her surrender was not less voluntary or apparently reluctant than it might have been had she at the time been the defendant's wife. All the circumstances must be considered in the light of human experience. Her evidence would not sustain a charge of rape. The jurors saw her on the witness stand, heard all the evidence, and, under proper instructions in respect to this question of force, found that she was seduced. The evidence is amply sufficient to sustain such finding.

Finally, it is claimed there was no corroborating evidence. It is shown by the uncontradicted testimony of a physician who attended the prosecutrix in June, when she suffered a miscar-

riage, that she must have had sexual intercourse with some one about the time she testifies she was seduced. Her father's evidence supports her statements in regard to the defendant's having kept company with her, and having come to her home when she says he gave her medicine. This evidence, in connection with his conduct after the seduction, as shown by his own witnesses, is enough to sustain the verdict, even under the rule that there must be corroboration upon every material element of the crime, and certainly enough under the rule adopted by the legislature of this state. There is evidence other than that of the prosecutrix, not only showing an opportunity for defendant to commit the crime, but which strongly impresses the mind with the conviction that he is the guilty party.

The entire record has received careful consideration. All the objections and alleged errors have been examined. Finding no reversible error, the judgment is affirmed.