STATE OF IOWA v. W. MINER, Appellant.

**Larceny:** POSSESSION OF STOLEN GOODS: *Presumptions and Burden of Proof.* A charge that after the state has shown beyond all reasonable doubt that defendant had the possession of recently stolen property, defendant could overcome the presumption of guilt thus raised by showing *to the satisfaction of the jury* that he came by it honestly, is error for the reason that such presumption is rebutted if the explanation of the possession raises a reasonable doubt as to whether it was honestly acquired.

**Appeal:** REVIEW: *Change of Venue.* The supreme court will not interfere with the descretion vested in the trial court in passing on an application for a change of venue, if it does not appear that the court abused its discretion.

*Conviction for Larceny.* A conviction for larceny will not be reversed on the ground that the evidence is insufficient to show that the property found in possession of accused was that which was taken if there is evidence to support the finding of the jury.

*Instructions.* If an instruction appears to be erroneous as applied to all the facts disclosed by the record, the supreme court will not

refuse to reverse merely because the abstract does not show that it contains all of the facts.

DENIAL OF ABSTRACT. A mere suggestion that matters assigned as error should not be considered, because appellant's abstract does not show that it contains all of the evidence, is not sufficient to put in issue the correctness of the abstract.

*Appeal from Harrison District Court.*—HON. F. R. GAYNOR, Judge.

WEDNESDAY, APRIL 5, 1899.

DEFENDANT was indicted for the larceny of three heifers. There was a jury trial, with the result that defendant was found guilty. From the judgment rendered on the verdict he appeals.—*Reversed.*

*F. M. Dance* for appellant.

*Milton Remley,* Attorney General, and *W. H. Redmond* for the State.

WATERMAN, J.—Defendant applied for a change of venue on the ground of the prejudice of the inhabitants of Harrison county. This application was supported by affidavits. The state made a counter showing, and the application was overruled. This action of the trial court is complained of. We have quite often said that we will not interfere with the discretion vested in the trial court in passing upon such an application, unless it appears to have been abused. *State v. Edgerton,* 100 Iowa, 63, and cases cited. The ruling of the court in this case seems to have sufficient support.

II. It is thought that the evidence is not sufficient to sustain the verdict. We are not disposed to interfere on this ground. The principal matter discussed by counsel is as to the identity of the property in question. This was a matter for the jury. Its finding cannot be said to be without support.

. III.   Complaint is made of the following instruction: "You are instructed that if the state have satisfied you, beyond a reasonable doubt, that in this county and state, on or about the fifteenth day of July, 1896, that A. P. Falk was the owner of, and had in his possession, the property charged in the indictment to have been stolen by the defendant, and that some one, on or about said time, or a short time prior thereto, feloniously took, stole, and carried the same away from the possession of the said A. P. Falk, and did this without the knowledge and consent of the said A. P. Falk, or those having the possession or control of the same for the said A. P. Falk, and with the intent then and there to convert the same to the use of the taker, against the will of the said A. P. Falk; and the state has further satisfied you, beyond a reasonable doubt, that soon after the felonious taking aforesaid the identical property so taken from the possession of the said A. P. Falk was found in the possession of this defendant,—then this would be presumptive evidence against the defendant that he was the party so taking the property, and it will be presumptive evidence of his guilt of the charge made against him, unless the defendant has explained to your satisfaction his possession of the property, and that he came by it honestly.   But, before the presumption of guilt can arise, it must appear, beyond a reasonable doubt, that the property in the possession of the defendant is the identical property alleged to have been stolen from the party alleged in the indictment to be the owner, and the identical property so shown to have been taken from the possession of the said owner."   We have held, in effect, that, if the explanation of possession is sufficient to raise a reasonable doubt as to whether the property was honestly obtained, the fact of such possession shall not weigh against a defendant.   *State v. Manley,* 74 Iowa, 561; *State v. Kirkpatrick,* 72 Iowa, 500; *State v. Hopkins,* 65 Iowa, 240.   This instruction is clearly in violation of the rule of these cases.   The jury is told that defendant's possession would be presumptive evidence of his

guilt, "unless defendant has explained to your satisfaction his possession of the property, and that he came by it honestly." Counsel for the state insist in argument that we cannot consider this matter, because appellant's abstract does not show that we have all the evidence before us. This is not sufficient to put in issue the correctness of the abstract. *McGillvray v. Case,* 107 Iowa, 17. Furthermore, this was an error, abstractly considered, as well as when applied to the facts here disclosed; and because of it the judgment is REVERSED.