[Crim. No. 705.    Department One. — April 3, 1901.]

## THE PEOPLE, Respondent, v. CHARLES GOODWIN, Appellant.

CRIMINAL LAW — SEDUCTION — SUPPORT OF VERDICT. — A verdict of guilty of the crime of seduction under promise of marriage is sufficiently supported by the testimony of the prosecutrix to every fact necessary to establish the guilt of the defendant as charged. The jurors were the sole judges of her credibility; and their verdict is conclusive, unless it is shown that, for some reason, the defendant did not have a fair trial.

ID. — EVIDENCE — LETTERS OF DEFENDANT — PROOF OF HANDWRITING — PRELIMINARY EXAMINATION OF WITNESS — CURE OF ERROR. — The admission in evidence of the letters of the defendant to the prosecutrix, upon testimony of the prosecutrix that they were in the handwriting of the defendant, and the refusal to allow to the defendant a preliminary examination of the prosecutrix as to her knowledge of his handwriting, before the letters were admitted, and confining this opportunity to a regular cross-examination of the witness, if erroneous, is cured by subsequent competent evidence showing without conflict that the letters were in the defendant's handwriting.

ID. — CROSS-EXAMINATION OF DEFENDANT AS TO LETTERS. — Questions allowed upon cross-examination of the defendant, as to whether letters shown him, the identity of which had been previously fully established, were in his handwriting, are not prejudicial; and as respects letters not contained in the record, cannot be presumed erroneous. A question as to whether he began the correspondence, answered in the negative, could not be prejudicial.

ID. — EVIDENCE OF SEDUCTION — PREVIOUS CHASTITY — SUBSEQUENT PREGNANCY. — There was no prejudicial error in permitting the prosecutrix to testify that she got in a "family way" by the defendant at a date almost two months after the alleged seduction. Such evidence tended to show, in connection with evidence of her previous chastity, that she had been seduced prior to that date.

ID. — DATE OF SEDUCTION — ABSENCE OF DEFENDANT — CROSS-EXAMINATION. — Where the prosecuting witness fixed a particular date for the seduction, and the defendant testified that he was absent from the county on that date, he may be asked if he was in the county on various dates in the same month, to test the memory of the witness.

ID. — EXACT DATE IMMATERIAL — INSTRUCTION. — A requested instruction, that if the jury had a reasonable doubt as to whether the defendant was with the prosecutrix on the date fixed by her, they should find the defendant not guilty, was properly refused. The exact

date of the offense was not material; and if the jury were convinced that the prosecutrix was mistaken as to the exact date of her seduction, and that it occurred at some other date near the time fixed, they were warranted in finding the defendant guilty.

ID. — LANGUAGE OF JUDGE TO ATTORNEY — DEFENDANT NOT PREJUDICED. — Where friction had occurred at the trial between the judge and the attorney for the defendant, language of the judge, addressed to such attorney personally, which did not tend to cast any reflection upon the defendant, and was not intended to prejudice his case, is not ground for a reversal of the judgment against him.

ID. — SUGGESTIONS AS TO CROSS-EXAMINATION OF DEFENDANT — ERROR NOT APPEARING. — A suggestion by the judge as to a permissible line of cross-examination of the defendant, does not tend to show that the judge aided in the prosecution of the case; and where the counsel for the prosecution decided not to pursue such line, and the action of the judge was not excepted to, no error appears in that connection.

APPEAL from a judgment of the Superior Court of Alameda County and from an order denying a new trial. W. E. Greene, Judge.

The facts are stated in the opinion.

Sweeney & Adams, for Appellant.

Tirey L. Ford, Attorney-General, and Henry A. Melvin, for Respondent.

GRAY, C. — The defendant appeals from a judgment convicting him of the crime of seduction under promise of marriage and from an order denying his motion for a new trial.

1. In a case of this kind, it is worse than useless for counsel to address long arguments to this court on mere questions of fact. The prosecutrix testified to every fact necessary to establish defendant's guilt as charged. The jurors were the sole judges of her credibility. They believed her, and found the defendant guilty. Therefore he must be treated as guilty, and suffer the penalty of his crime, unless it is shown that for some reason he did not have a fair trial. (*People* v. *Hough*, 120 Cal. 538.[1])

2. The prosecution offered in evidence a number of letters purporting to be written by defendant to the complaining witness prior to the alleged seduction. Previous to the introduc-

---

[1] 65 Am. St. Rep. 201.
CXXXII. Cal. — 24

tion of these letters, the prosecutrix testified as to each of them that she recognized it as in the handwriting of defendant, "all of it, and signed by him," and that she received it through the mail. Counsel for defendant asked to be permitted to examine the witness as to her knowledge of the defendant's handwriting, before the letters were admitted. The court replied, "You will have an ample opportunity to examine the witness thoroughly upon your cross-examination," to which counsel excepted. Counsel then objected to the introduction of the letter, "upon the ground that it is incompetent, irrelevant, and immaterial, and upon the further ground that there is no proper evidence that the letter was written by the defendant. There is no proof of his handwriting, as required by the Code of Civil Procedure in such cases." The court overruled this and all other objections to the letters, to which ruling the defendant excepted. After the letters had all been received and read in evidence, it appeared, on the cross-examination of the prosecutrix, that while she had never seen the defendant write, yet he had in a conversation with her acknowledged writing to her one of the letters introduced in evidence. The brother of the prosecutrix was also subsequently called as a witness, and testified that he had seen defendant write, and on the said letters being shown to him, he testified that they were each and all in the handwriting of defendant. It therefore appears that if there was any error in any ruling of the court in connection with the admission of the letters, such error was cured by this subsequent competent evidence, showing without conflict that the letters were in the handwriting of defendant. In *Robinson* v. *Nevada Bank*, 81 Cal. 106, it is held that error in admitting evidence without the requisite preliminary or connecting proof is cured by the subsequent admission of such proof. The record contains only the letter of defendant first written and first introduced in evidence. This letter begins with "My dear beloved friend Mary." That it is relevant to the subject under inquiry in the case, does not admit of question. It was a part of quite an extensive correspondence between the prosecutrix and defendant, and this letter, as well as the rest of the correspondence, undoubtedly tended to show the sentiment and feelings of these parties, each for the other. (*State* v. *Burns*, 78 N. W. Rep. 681.)

3. There was no prejudicial error in permitting the prosecutrix to testify that she got in a "family way" by defendant

on September 28th (more than two months after the alleged
seduction), as this tended to show, in connection with the evi-
dence of previous chastity, that she had been seduced prior to
that date.  (*State* v. *Wickliff*, 95 Iowa, 386; *State* v. *Robertson*,
121 N. C. 551; *Armstrong* v. *People*, 70 N. Y. 38; *People* v.
*Rangod*, 112 Cal. 669.)

4. On cross-examination, the defendant was asked if certain
letters then shown to him were in his handwriting.  Counsel
for defendant excepted to the action of the court in overruling
his objection to these questions.  It does not appear that these
letters were ever introduced in evidence, except as we may
infer that probably the inquiry related to the letters of defend-
ant to the prosecutrix which had already been introduced in
evidence.  These letters, except the first one written, are not
before us, but their identity as the letters of defendant were
fully established before any questions were asked of defendant
concerning them.  It is therefore difficult to see how defend-
ant could be injured by the questions, whatever the letters
may have contained; and without any knowledge of the con-
tents of the letters, we must hold that no error is made to
appear.  As to the question asked of defendant on cross-
examination, seeking to show that he began the correspondence
between himself and the prosecutrix, his answer was in the neg-
ative, and of course he suffered no harm from that question.

5. The defendant was charged in the information with hav-
ing committed the crime of seduction in Alameda County on
or about July 15, 1899.  And the testimony of the prosecution
tended strongly to establish said July 15th as the date of the
crime.  The defendant testified on his direct examination, in
substance, that he was not in Alameda County on July 15,
1899, but was in San Francisco all that day, and not with the
prosecutrix.  On cross-examination he was asked, "Were you
in the county of Alameda on the fourteenth day of July, 1899?"
This was objected to on the ground that it was not proper
cross-examination, and the court inquired, " For what purpose
do you ask it?" to which the attorney for the prosecution
replied, "I simply desire to test the recollection of the witness."
The court then said, "It is allowed for that purpose."  The
defendant excepted, and the witness answered, "No, sir; I was
not."  Numerous other similar questions were asked concern-
ing various other dates in said month of July, all of which
were objected to, and exception taken by defendant to the over-

ruling of said objections. The answers of the defendant were in the negative as to some of the dates inquired about, and as to others he did not know. These questions having been allowed solely for the purpose of testing the memory of the witness as to a matter about which he had testified on direct examination, there was no error in the ruling of the court.

6. There was no error in refusing to instruct the jury that if they had a reasonable doubt as to whether defendant was with the prosecutrix on July 15, 1899, they should find defendant not guilty. The exact date of the offense was not material. The jury might have been convinced that the prosecutrix was mistaken as to the exact date of her seduction, and yet have been satisfied that it occurred at some date very near said July 15th, and on this they would have been warranted in finding defendant guilty.

7. There was some friction between the attorney for the defendant and the court on the trial of the case, and in this connection the attorney noted an exception to the language of the trial court on several occasions. We have made a careful study of the language thus excepted to, and we find that in each instance it was addressed and referred expressly to the attorney personally, and did not in any way tend to cast any reflection upon the defendant, nor was it intended in any manner to prejudice the defendant's case.

There is no merit in the contention that the trial judge aided in the prosecution of the case. It is true that he made some suggestions as to a certain line of examination that might be pursued on the cross-examination of defendant, but the prosecution, after consultation, decided not to "consume any more time on that line." No exception was taken to the language or conduct of the court in this connection, nor do we see how an exception could have availed defendant had one been taken. The instructions were fair to the defendant, the law of the case was clearly stated to the jury, and the defendant had a fair trial.

The judgment and order should be affirmed.

Haynes, C., concurred.

For the reasons given in the foregoing opinion the judgment and order are affirmed.

Harrison, J., Garoutte, J., Van Dyke, J.