## STATE, Respondent, v. HOLTER, Appellant.
### (138 N. W. 953.)

1. **Seduction—Evidence—Subsequent Intercourse.**

   Testimony of prosecutrix, in a prosecution for seduction, to her acts of intercourse with defendant, subsequent to the alleged seduction, is admissible for purpose of corroboration.

2. **Same—Evidence—Condition of Female.**

   Evidence that prosecutrix in seduction was enciente is admissible as proof of illicit intercourse, a fact necessary to be established; and, in connection with proof of previous chastity of prosecutrix, it tends also to prove she had been seduced by some one.

3. **Criminal Law—Evidence—Objections Below.**

   Grounds of objection not presented to court below cannot be considered on appeal.

4. **Criminal Law—Seduction—Evidence of Motive for Intercourse.**

   The question to prosecutrix in seduction whether she would have permitted defendant to have intercourse except for his promise of marriage, is not objectionable as calling for a con-. clusion; and such testimony is competent.

5. **Criminal Law—Seduction—Rebuttal Evidence — Alibi — Judicial Discretion.**

   On trial for seduction, the state may, by way of rebuttal to defendant's defense of an alibi involving the date of certain alleged intercourse between defendant and prosecutrix, introduce further evidence to show intercourse on such date; and such evidence, so admitted, is within judicial discretion, even if it was properly evidence in chief.

6. **Criminal Law—Instructions—Harmless Error.**

   The jury having been clearly warranted in finding prosecutrix was chaste prior to her alleged seduction, upon her uncontradicted testimony that she had had no intercourse with any one prior thereto, any error in the charge that till the contrary is shown a woman is presumed chaste was harmless.

   Under Sec. 366, Code Crim. Proc. (Sec. 7386, Comp. Laws,) relating to corroboration of prosecutrix as to seduction under promise of marriage, that she was an unmarried female of previous chaste character, and that there was an act of intercourse under such promise may be proved from her testimony

23—Vol. 30, S. D.

alone; following State v. King, 9 S. D. 628. But there must be other and corroborating testimony to prove defendant was the guilty party.

7. **Criminal Law—Instructions—Invading Province of Jury.**

The charge, in seduction, that it is sufficient to constitute corroborating evidence to connect defendant with the offense if the jury find the parties kept company with each other, and acted as lovers usually do, and other like circumstances, if any, is a correct instruction on the law applicable to the facts, and does not invade province of jury.

Whiting, J., dissenting.

8. **Criminal Law—Instructions—Request Covered by Charge.**

Even if it is doubtful whether there was sufficient evidence upon which to base a requested instruction, yet, assuming that the instruction stated the law correctly, no error was committed in refusing it, where such instruction was substantially embodied in those given.

9. **Criminal Law—Instructions—Applicability to Evidence.**

A charge that no conviction of seduction could be had, though prosecutrix and defendant had intercourse, if it was by mutual consent in gratification of passion, and not in truth under promise of marriage, was as favorable as defendant was entitled to, he having denied any intercourse, and she having testified to intercourse with him and that she would have had none but for his promise of marriage.

(Opinion filed Dec. 3, 1912. Rehearing granted Feb. 19, 1913.)

Appeal from Circuit Court, Charles Mix County. Hon. R. B. TRIPP, Judge.

Defendant, Carl Holter, was convicted of seduction; and from such judgment and from an order denying a new trial, he appeals. Affirmed.

*Charles P. Bates, Charles H. Bartlett,* and *Perrett F. Gault,* for Appellant.

Evidence tending to prove acts of sexual intercourse, under promise of marriage, between defendant and the prosecuting witness, subsequent to the act charged in the information and testified to by the prosecuting witness, is inadmissible and should have been excluded.

As the state had introduced evidence definitely fixing the date of the alleged seduction, the prosecuting witness should not have been permitted to testify to subsequent acts of sexual intercourse, each under a separate promise of marriage, as corroborative testimony, as the proof of such acts could have no such tendency.

People v. Clark, 33 Mich. 112; People v. Payne, 91 N. W. 729 (Mich.); Pope v. State, 34 So. 840 (Ala.); People v. Brown, 106 N. W. 149 (Mich.); People v. Williams, 65 Pac. 323 (Cal.); Cecil v. Territory, 82 Pac. 654 (Okla.); State v. Hilberg, 61 Pac. 215 (Utah); State v. Palmberg, 97 S. W. 566 (Mo.); Smith v. State, 73 S. W. 401 (Tex.); Henard v. State, 79 S. W. 810 (Tex.).

There could be but one seduction, and before a jury would be justified in returning a verdict of guilty, they should all agree as to the time of such alleged seduction. In this case the prosecuting witness having been permitted, against the objection of defendant, to testify to four distinct acts of sexual intercourse, committed at different times and each under a separate promise of marriage, and the court having instructed the jury that the time the seduction took place was not material so long as it occurred, if at all, within three years before the filing of the information, there is no certainty that in finding the defendant guilty the jury all agreed as to the time when the alleged seduction took place.

The defendant testified that he was not at the Hosford home on the evening of June 18, did not take Hazel Hosford riding, or have sexual intercourse with her at that time, and introduced the testimony of several witnesses strongly tending to corroborate his testimony in this regard. It is quite probable that some of the jury believed this testimony, but thought that defendant was guilty of seduction on one of the subsequent dates testified to by Hazel Hosford. On this proposition also see: State v. Riggs, 25 S. D. 275.

The only object in admitting evidence of pregnancy could be that it would tend to corroborate the testimony of Hazel Hosford. The fact of pregnancy would show that there had been illicit intercourse between Hazel Hosford and some man, but would not in any manner tend to connect the defendant with the commission of the offense or corroborate her testimony in that regard. While some of the courts have admitted such evidence for reasons that are unexplained and do not appear in the decisions, so far as we have been able to ascertain it has been uniformly held that neither pregnancy nor the birth of a child as the result of illicit intercourse, is corroborative of the alleged seduc-

tion. State v. Dolan, 109 N. W. 609; State v. Kissock, 83 N. W. 724; State v. McGinn, 80 N. W. 1068; People. v. Boyce, 55 N. Y. 644.

The prosecuting witness should not have been permitted to testify as to the. motive which induced her to consent to sexual intercourse.

This ruling was erroneous and prejudicial to the defendant. Anderson v. State, 16 So. 109 (Ala.); Barnes v. State, 39 S. W. 684 (Tex.).

The only evidence that was offered on the part of the state as tending to corroborate the prosecuting witness and in any manner connect the defendant with the commission of the offense charged, is the evidence tending to show that "Hazel Hosford and Carl Holter kept company with each other, and acted as lovers usually do, and other like circumstances." Meager as was the evidence in this regard, it was sufficient to be submitted by the court to the jury. In order to meet such evidence, it was not only competent but was absolutely essential for defendant to introduce the evidence called for by these questions so that the jury could get a fair and comprehensive idea of the relations, actions, and conduct of the parties, and of the entire situation, and thus be able to make an intelligent finding as to whether or not the defendant and prosecuting witness "acted as lovers usually do."

The court should have permitted these questions to be answered, and his refusal so to do is prejudicial error. Stinhouse v. State, 47 Ind. 17; State v. Brown, 53 N. W. 92 (Ia.); State v. Baldoser, 55 N. W. 97 (Ia.).

After defendant had rested his case, the state offered the testimony of three other members of the Hosford family to the effect that they saw him at the Hosford home on the evening of June 18, as had been previously testified to by Hazel Hosford, her mother and brother. Defendant objected to the testimony as not proper rebuttal; that the state in its main case introduced the testimony of the prosecuting witness upon the same subject, in which she stated that the defendant was at the Hosford house on the afternoon or early. evening of June 18th; that the state then introduced the testimony of two other witnesses tending to corroborate her in that regard; that having introduced evidence upon that subject, both in main and as corroborating evidence,

the state should have introduced and exhausted all the evidence it had on that subject before resting, and was not entitled at that time, the defense having rested, to introduce additional testimony upon this subject. The defendant's objections having been overruled, the witnesses testified to facts tending to show that defendant was at the Hosford house at the time claimed by the prosecuting witness.

This evidence being merely cumulative and in no sense rebuttal testimony, should have been rejected by the court. Code Criminal Procedure, Sec. 350; Underhill on Criminal Evidence, Sec. 280; Oldham v. Commonwealth, 58 S. W. 419 (Ky.); Williams v. Commonwealth, 14 S. W. 595 (Ky.); People v. Quick, 25 N. W. 302 (Mich.); State v. Hunsaker, 19 Pac. 605 (Ore.); State v. Minnick, 102 Pac. 605 (Ore.); Section 350, Code of Criminal Procedure.

In the case at bar. no application was made by counsel for the state for permission to offer evidence upon their original case, their contention being that the evidence offered was rebuttal, and it was admitted by the court on that theory. State v. Hunsaker, supra.

The court erred in instructing the jury as to presumption of chastity of prosecutrix.

In a criminal prosecution for seduction it cannot be presumed that the prosecuting witness was of previous chaste character. Under section 366 of the Penal Code, one of the essential elements of the offense of seduction is that the person seduced be "of previous chaste character;" the chastity of the female is not presumed, but must be alleged and proved the same as the other necessary elements of the offense.

While there is some conflict of authority on this subject, the better and more logical view is that, although in ordinary cases there is an inference or presumption of the chastity of a woman, still, where such chastity is an essential element of a criminal offense, as in the case of seduction under statutes like ours, there can be no such presumption as against the presumption of the innocence of one accused of crime. As has been said: "There cannot be two presumptions in a criminal case. The accused is presumed to be innocent until his guilt is established beyond a reasonable doubt." People v. O'Brien, 62 Pac. 297 (Cal.); People

v. Krusick, 28 Pac. 794 (Cal.); People v. Wallace, 42 Pac. 159 (Cal.).; West v. State, 1 Wis. 186; State v. Wenz, 42 N. W. 933 (Minn.); State v. Lockerby, 52 N. W. 958 (Minn.); State v. Preuss, 127 N. W. 438 (Minn.); Harvey v. Territory, 65 Pac. 837 (Okla.); Commonwealth v. Whittaker, 131 Mass. 224; Walton v. State, 75 S. W. 1 (Ark.); State v. McCaskey, 16 S. W. 511 (Mo.); Zabriskie v. State, 39 Am. Rep. 610 (N. J.); Oliver v. Commonwealth, 47 Am. Rep. 704 (Penn.); 25 Am. & Eng. Enc. of Law 240.

It will be observed that the statutes of Wisconsin and California, quoted in the above cases, are in all essential respects identical with section 336, of our Penal Code, which provides:

"Every person who, under promise of marriage, seduces and has illicit connection with any unmarried female of previous chaste character, is punishable," etc.

With reference to the nature and extent of the corroborative evidence required, tending to connect the defendant with the commission of the offense, the language of the trial court's instruction was taken verbatim from the opinion of this court in State v. King, 9 S. D. 628. We have been unable to find any authority in support of the rule laid down in that case. In the case of State v. Bollerman, 61 N. W. 183, this question was not in issue, and the language from the opinion of the court, quoted in State v. King as supporting such rule, is mere dictum and of no authoritative value. The Supreme Court of Iowa, in the later case of State v. Bauerkemper, 64 N. W. 609, held that the corroboration required by the Iowa statutes, must be both as to the debauching and the use of seductive arts, which would include both the illicit intercourse and the promise of marriage.

In the case at bar, Hazel Hosford testified that the defendant promised to marry her, and that, relying thereon, she permitted him to have sexual intercourse with her. These were the only acts of illicit intercourse and the only promise of marriage mentioned in the testimony, and this was practically the only evidence tending to connect the defendant with the commission of the offense. If the jury, under this instruction of the court, found the fact of sexual intercourse, under promise of marriage, on the evidence of Hazel Hosford alone, then it is certain that they must have found the defendant guilty upon the same evi-

dence, and without any corroboration. The instruction in effect permitted the jury to find the defendant guilty upon the uncorroborated evidence of the prosecuting witness, thereby nullifying the provisions of our statute requiring such corroboration.

Under statutes similar to that of South Dakota, it is uniformly held that a conviction cannot be had unless the evidence of the prosecuting witness is corroborated both as to the illicit intercourse and the promise of marriage. Harvey v. Territory, 65 Pac. 837 (Okla.) ; Wooley v. State, 96 S. W. 27 (Tex.) ; McCullar v. State, 61 Am. St. Rep. 847 (Tex.) ; State v. Bauerkemper, 64 N. W. 609 (Ia.).

Regarding the sufficiency of the corroborating evidence to connect the defendant with the commission of the offense, we contend the court erred in instructing the jury.

In giving this instruction the court manifestly invaded the province of the jury. It was for the jury and not the court to determine as to the sufficiency of the corroborating evidence tending to connect the defendant with the commission of the offense. State v. Bess, 81 N. W. 152 (Ia.) ; State v. Kissock, 83 N. W. 724 .(Ia.) ; State v. Smith, 100 N.W. 40 (Ia.) ; State v. Waterman, 88 Pac. 1074 (Kan.) ; Tedford v. United States, 104 S. W. 608 (I. T.) ; Allen v. State, 50 So. 279 (Ala.) ; 25 Am. & Eng. Enc. of Law (2d Ed.) 247.

This instruction was excepted to by the defendant on the ground that it invaded the province of the jury, in directing it, that if "the defendant visited the prosecutrix as a suitor," that fact was sufficient to connect the defendant with the offense charged. The supreme Court of Iowa sustained the exceptions and reversed the judgment on the sole ground that the giving of such instruction was prejudicial error.

The court should have given the instruction requested by the defendant concerning whether defendant had illicit connection with the prosecuting witness and as to whether she consented to the same either wholly or in part through lust or passion, etc.

If the testimony of Hazel Hosford is to be believed, she yielded very readily to the request of defendant for sexual intercourse, and her version of the alleged seduction leaves a strong impression upon the mind that her consent was given, partially at

least, through lust and passion, and not solely on account of or in reliance upon any promise of marriage.

Under statutes like ours, before a defendant can be convicted of seduction, it must be proven beyond. a reasonable doubt that the person seduced consented to sexual intercourse with the defendant upon the sole consideration of his promise to marry her. Nolen v. State, 88 S. W. 242 (Tex.); People v. Krusick, 28 Pac. 794 (Cal.); People v. Clark, 33 Mich. 112; People v. De Fore, 64 Mich. 693; People v. Nelson, 153 N. Y. 90; State v. Ferguson, 12 S. E. 574, 577 (N. C.).

*Royal C. Johnson,* Attorney General, *M. Harry O'Brien,* Assistant Attorney General, *Ambrose B. Beck,* State's Attorney, *French & Orvis, J. E. Tipton,* and *G. M. Caster,* for Respondent.

Counsel for appellant in their brief have cited a number of cases which they claim support their contention, that subsequent acts of sexual intercourse between the complaining witness and appellant are inadmissible, and that it was error for the court to admit this testimony.

An examination of these cases discloses the fact that they are all rape cases and therefore do not apply in this case. The elements of the offense in a rape case are vastly different from the elements of a seduction case. In cases of rape chastity is not an essential element.

The law with reference to seduction cases is vastly different. One of the vital and paramount elements of this offense is previous chastity. Chastity as a legal term used in connection with the offense of seduction means—"actual personal virtue." Kenyon v. People, 26 N. Y. 203; 84 American Decisions 177. This being true there can be but one act and one offense of seduction against a woman, for after one act of sexual intercourse has taken place, the element of chastity is thereafter absent and subsequent acts would not be seduction. Ferguson v. State, 15 Southern 66 (Miss.); People v. Goodwin, 64 Pac. 561 (Cal.); State v. Robertson, 28 S. E. 59 (N. C.); People v. Castro, 65 Pac. 13 (Cal.); People v. Koller, 76 Pac. 500 (Cal.), and cases cited; State v. Stone, 85 Pac. 808 (Kans.); People v. Hendrickson, 19 N. W. 169; People v. Morris, 84 Pac. 463 (Cal.); Wigmore on Evidence, Sections 216, 398-400, and cases cited in supplement to that work at Section 3687.

It is contended the court erred in permitting evidence of "subsequent acts of sexual intercourse." There is no statutory rule of evidence on this subject in this state, so the inquiry is, what is, or should be, the rule of the common law upon it?

As showing their personal reliations it is now standard text law that "it is competent for the prosecution to show other acts of intercourse between the defendant and prosecutrix since the date of the act alleged." 35 Cyc. 1356, 1353; 25 Am. & E. E. L. 236. The court did not err in the rulings referred to on this subject.

The reason assigned by counsel, that the jury must agree "as to the time of such alleged seduction," (Appellant's brief folio 288) is also without application, for there might be many acts of intercourse but only one of seduction under our statute and the facts presented in this case.

As to the ruling of the court in permitting evidence to be introduced relative to the pregnancy of the complaining witness: The law is well settled that this evidence is admissible in seduction cases to establish the fact that the complaining witness has had sexual intercourse with some one; and this fact taken in connection with proof of previous chastity would tend to prove the seduction, or at least certain necessary elements of the offense. In re People v. Goodwin, 64 Pac. 561 (Cal.); State v. Wycloff, 95 Iowa, 386, 64 N. W. 282; State v. Robertson, 121 N. C. 551, 28 S. E. 59; Armstrong v. People, 70 N. Y. 38; People v. Rangod, 112 Cal. 669, 44 Pac. 1071; State v. Meister, 120 Pac. 406 (Oreg.); State v. Hughes, 76 N. W. 520 (Ia.); State v. Burns, 78 N. W. 681 (Mich.); Merrell v. State, 70 S. W. 979 (Texas); Wigmore on Evidence, Supp. Sec. 168.

Appellant contends that the court committed error in permitting the complaining witness to answer the following questions: Q. "Miss Hosford calling your attention to the 18th day of June, 1911, or thereabouts, at the time you have testified to having an act of sexual intercourse, would you have permitted him to have had sexual intercourse with you at that time except for this promise of marriage?" To this question the appellant's counsel interposed the following objection: "Objected to by the defendant as being leading, suggestive, incompetent, and irrelevant." (App. Brief, folios 96-7).

Counsel for appellant urge that the question called for a conclusion of the witness and that it was therefore error to permit her to answer the same. The court will note from the above objection that the question was not objected to on any such ground. The appellant having failed to make this objection in the trial court, is now precluded from raising the objection for the first time in this court on appeal.

On the other hand the complaining witness certainly was competent to testify as to what influence and what conduct on the part of the appellant impelled her to consent to the first act of illicit intercourse. The court's ruling is supported by the following authorities: 35 Cyc. 1351 (Treatise on "Seduction"), Note 24; Washington v. State, 52 S. E. 910 (Ga.); State v. Bennett, 110 N. W. 150 (Ia.); People v. Jensen, 33 N. W. 811 (Mich.); People v. Armstrong, 70 N. Y. 38; Wigmore on Evidence, Section 581; Supp. Wigmore, Sec. 1963, Note 4.

The appellant by way of a defense in this case attempted to establish an alibi. He testified that he was not present at the Hosford home on the evening of June 18, 1911. That being the date upon which it is claimed the alleged offense was committed. He also produced four additional witnesses who gave testimony tending to establish his defense of an alibi. The state had no notice that the defendant would claim that he was not present at the Hosford home on the evening of June 18, 1911, nor that he would rely upon an alibi as a defense in this case. Having attempted to establish such an alibi the appellant raised a new issue which the state had a right to meet by rebuttal testimony.

"As the burden of proving an alibi is on the defendant evidence in support thereof may be rebutted." 12 Cyc. 557, note 69 and 1912 Annotations; Lo Toon v. Terr, 16 Hawaiian, 351; State v. Watson, 72 N. W. 283 (Iowa).

"The state may introduce rebutting evidence to meet any pertinent issue." Kastner v. State, 79 N. W. 713; People v. Mar Gin Suie, 103 Pac. 951 (Cal.).

"The admission of certain evidence in rebuttal which might properly have been given in chief is discretionary with the trial judge and is not error." People v. Tidwell, 12 Pac. 61 ((Utah); State v. Webb, 56 Pac. 159 (Utah); State v. Klein, 53 Pac. 364 (Wash.); State v. Hunter, 92 N. W. 872 (Iowa); State v. Selig-

man, 103 N. W. 357 (Iowa); State v. Robbins, 80 N. W. 1061; Section 350 Code of Criminal Procedure.

The court did not err in giving the instruction as to presumption of prosecuting witness' chastity, but correctly stated the law on the subject and the portion of the charge given is supported by numerous decisions from eminent courts all over this country. There is some conflict of authority on this subject but we believe the weight of authority and most well considered cases establish the law to be as defined by the charge given in this case.

In rape and seduction cases brought under statutes requiring previous chastity of the prosecutrix the previous chastity of the prosecutrix will be presumed until evidence to the contrary appears and the burden of proving unchastity is upon the defendant if he would avail himself of that defense. Kerr v. U. S. 104 S. W. 809; Crozier v. People, 1st Park. Cr. 457; Kenyon v. People, 26 N. Y. 204; McTyier v. State, 18 S. E. 140 (Ga.); State v. Drake, 105 N. W. 54 (Ia.); Baker v. Commonwealth, 20 S. E. 776 (Va.); State v. Hemm, 48 N. W. 971 (Ia.); State v. Brown, 53 N. W. 92 (Ia.); Leedom v. State, 116 N. W. 496 (Neb.); Commonwealth v. Allen, 135 Pa. 483, 19 Atl. 957; Smith v. State, 118 Ala. 117, 24 So. 55; Woodard v. State, 5 Ga. App. 447, 63 S. E. 573 (Ga.); Ferguson v. State, 71 Miss. 805, 15 So. 66; State v. Thornton, 108 Mo. 640, 18, S. W. 841; State v. Kelley, 191 Mo. 680, 90 S. W. 834; People v. Clark, 33 Mich. 112; People v. Brewer, 27 Mich. 134; State v. Wells, 48 Iowa, 671; Bishop on Statutory Crimes, 3rd Ed., Section 648-649.

The court in giving the instruction as to what are the facts which may be found from the testimony of prosecutrix alone, adopted verbatim the language employed by this court in the decision in the case of State v. King, 9 S. D. 628.

As said by the Supreme Court of Iowa under substantially the same statute: "It is true that the testimony of the prosecuting witness may be sufficient to show such an offense, and that the corroboration need only tend to connect the defendant with the offense." State v. Bollerman, 61 N. W. 183; (Code Iowa 1873), a4560.

Section 366, Code of Criminal Procedure provides that in seduction cases accused cannot be convicted upon the testimony of the injured person unless she is corroborated by other evidence

tending to connect the defendant with the commission of the offense. An examination of the statutes of other states discloses the fact that they are in many cases different from the statute in our state.

Sexual crimes are invariably crimes of secrecy and it is almost impossible in any case to obtain direct corroboration of the act of sexual intercourse and if the drastic rule contended for by counsel for appellant were correct it would in effect nullify our penal statute relating to the offense of seduction. State v. Nash, 134 S. W. 717 (Texas).

Assuming, but not conceding that the charge concerning prosecutrix and defendant keeping company and acting like lovers, is a charge on sufficiency of evidence, we think counsel's contention that the sufficiency of the evidence is without "the province" of the court is erroneous. In every case there is always the primary question of whether there is any evidence, and its legal sufficiency to justify a recovery, conviction, or corroboration. If this were not the law, applications to direct, advise or set aside verdicts would be idle. The weight of evidence, in the sense of its probative force, is for the jury, but the court can, and to aid the jury should charge what facts are sufficient for a recovery, conviction or corroboration.

It is legally and logically contradictory to contend that an instruction, predicated upon certain facts, if found from the evidence, is erroneous, where the facts would unquestionably warrant a verdict.

Our argument on assignment of error Number 21, thus far has assumed that the particular portion of the court's charge complained of, can and should be interpreted as charging the jury upon the weight of the evidence. We do not, however, think the charge should or can be so interpreted. The portion of the charge complained of, we know, was taken from the opinion of the Iowa Supreme Court of State v. Reinheimer, 80 N. W. 669, wherein the court by Deemer, J., uses the following language: "We have frequently held that the fact that the parties kept company, and acted as lovers usually do, and other like circumstances, are sufficient to constitute corroborating evidence necessary to connect the defendant with the offense."

In that case no complaint was made of the instruction of

the court to the jury but it was contended there was no evidence on which to base the instructions.

The case at bar is clearly distinguishable from all those referred to in opposing counsel's brief except State v. Smith, which is a direct authority supporting the charge of the court in the case at bar when the charge is considered in its entirety.

That the instruction in the case at bar complained of by appellant's counsel, if interpreted as we contend it should be, stated a correct legal proposition is well settled by numerous authorities. State v. Kissock, supra; State v. McClintic, 35 N. W. 696; State v. Smith, supra; State v. Waterman, supra.

The general rule is that if the whole charge clearly states the law so that the jury as men of ordinary intelligence can understand what is meant and apply it to the facts no prejudice is suffered by the defendant. The entire charge should be considered in construing any portion thereof. People v. Akey, 124 Pac. 718 (Cal.); People v. Weber, 86 Pac. 671 (Cal.); People v. Besold, 97 Pac. 871 (Cal.); People v. Argentos, 106 Pac. 65 (Cal.); State v. King, supra.

We believe the instruction given by the court to the effect that there could be no conviction if the jury should find from the evidence that the illicit intercourse between prosecutrix and defendant, if any, was by mutual consent in gratification of passion and was not in truth under promise of marriage, was correct statement of the law. It was certainly as favorable as the defendant was entitled to under the law. State v. Atterberry, 52 Pac. 451 (Kans.); State v. McIntire, 56 N. W. 419 (Ia.); State v. Carter, 36 Pac. 29 (Wash.); State v. O'Hare, 79 Pac. 39 (Wash.); Bradshaw v. Jones, notes, 76 Am. St. Rep. 672-673; Putnam v. State, 29 Tex. App. 454, 25 Am. St. Rep. 738; Peo v. De Fore, 64 Mich. 693, 8 Am. St. Rep. 863; Hinman v. State, 127 S. W. 221 (Texas).

CORSON, J. Upon an information duly filed by the state's attorney of Charles Mix county the defendant was tried and convicted of the crime of seduction under a promise of marriage, and from the judgment of conviction and order denying a new trial the defendant has appealed to this court.

It is disclosed by the evidence that the prosecutrix was a young lady of 22 years of age, and that the defendant was a

young man residing in the vicinity of the family of the prosecutrix. It is claimed by the porsecutrix that on the evening of June 18, 1911, she was seduced by the defendant under a promise of marriage. There was evidence tending to prove that the defendant took the prosecutrix out riding occasionally, visited her at the home of her parents prior to the date of the alleged seduction, and that, after the alleged seduction, defendant continued his attentions, and that there were other acts of illicit intercourse between the defendant and the prosecutrix in July and August, and that by reason of her seduction she became enceinte.

[1] On the trial the prosecutrix, called as a witness on the part of the state, testified that she was seduced by the defendant under promise of marriage on the evening of the 18th of June, 1911, and that the first act of illicit intercourse with the defendant was had at that time. She was then permitted to testify over the objection of the defendant that she had illicit intercourse wih the defendant at three different times in July and August following. It is contended by the appellant that in the admission of this evidence as to subsequent acts of illicit intercourse the court committed error for which the judgment should be reversed and a new trial granted. It is contended by the prosecution, however, that this evidence was introduced and admitted for the purpose of corroborating the testimony of the prosecutrix, and was therefore admissible. We are inclined to take the view that the state is right in its contention. While there seems to be a conflict in the decisions on this question, we are of the opinion that the weight of authority is in favor of its admission. The appellant relies mainly upon the cases of People v. Clark, 33 Mich. 112, People v. Payne, 131 Mich. 474, 91 N. W. 739, and Pope v. State, 137 Ala. 56, 34 South. 840. The state relies mainly upon the case of State v. Robertson, 121 N. C. 551, 28 S. E. 59, and cases cited therein, and 13 Cyc. 1356. A number of other authorities were cited by the respective counsel, but, as the questions seem to have been raised in cases of rape or incest, we do not deem it necessary to cite them in this opinion. In State v. Robertson, supra, the learned Supreme Court of North Carolina held in the headnote as follows: "In a prosecution for seduction, it is competent for the state to show other acts of sexual intercourse between defendant and prosecutrix since the date of the act alleged."

And in the opinion that learned court says: "The state asked * * * the prosecutrix if, subsequent to September, 1891, there were other illicit acts committed by them of a carnal character. This was objected to by defendant, but allowed by the court, and the witness answered in the affirmative that there had been other acts since the first. This ruling of the court is sustained by Whart. Cr. Ev. § 35; Sherwood v. Titman, 55 Pa. 77; and by a note in Weaver v. Bachert, 44 Am. Dec. 172, where Sherwood v. Titman is quoted with approval."

[2] It is contended by the appellant that the court erred in admitting evidence over the objections of the defendant that the prosecutrix was in a family way, for the reason that it did not tend to corroborate the alleged seduction, but this contention is clearly untenable, as it does, in our opinion, tend to prove in connection with proof of previous chastity of the prosecutrix that she had been seduced by some one. While it might not tend to prove directly that such illicit intercourse was had under promise of marriage by the defendant, still it did tend to prove one fact necessary to be established, namely, illicit intercourse with some one. State v. Wickliff, 95 Iowa, 386, 64 N. W. 282; State v. Burns (Iowa) 78 N. W. 681; State v. Hughes, 106 Iowa, 125, 76 N. W. 520, 68 Am. St. Rep. 288; Merrell v. State (Tex. Cr. App.) 70 S. W. 979; State v. Meister, 60 Or. 469, 120 Pac. 406; People v. Goodwin, 132 Cal. 368, 64 Pac. 561. In the analogous case of People v. Goodwin, supra, the court held ,as appears by the headnote, that: "On a prosecution for seduction under promise of marriage, it was not error to allow the prosecutrix to testify that she got in a 'family way' by the defendant two months after the alleged seduction, as this evidence tended to show, in connection with evidence of her previous chastity, that she had been seduced prior to that time." It will be observed from the statement of facts in that case that there was evidence tending to prove that the prosecutrix had became enceinte some two months after the first alleged act of illicit intercourse, and that similar evidence was given in the case at bar by the prosecutrix and corroborated by the testimony of the physician. It seems to be generally held that proof of pregnancy or the birth of a child is competent evidence as proof of illicit intercourse between the prosecutrix and some man, and tends to corroborate the prosecutrix in her statement as

to illicit intercourse with some one. If, therefore, there was suffi-
cient evidence to satisfy the jury that the accused was the party
with whom the prosecutrix had the illicit intercourse, the jury
was warranted in finding the defendant guilty, providing, of
course, that the illicit intercourse with the defendant was had
under promise of marriage.

[3, 4] It is further contended by the appellant that the court
erred in permitting the prosecutrix to testify as to the motive
which induced her to consent to sexual intercourse. On the trial
she was asked the following question: "Would you have per-
mitted him to have had sexual intercourse with you at that time
except for his promise of marriage?" To this she answered over
the objection of the defendant: "I would not." The objection
made to the question by defendant's counsel in their brief is that
it was calling for a conclusion of the witness, but it has been
called to our attention by the respondent that on the trial the
question was objected to "as being leading, suggestive, incom-
petent, and irrelevant." It will be noticed that it was not ob-
jected to on the ground that "it called for a conclusion of the wit-
ness," and, of course, the grounds of objection not presented to
the trial court cannot be considered by this court. But assuming
that the objection was properly made, we are of the opinion that
the contention of counsel as to its admissibility is untenable. 35
Cyc. 1351, in its article on Seduction, says: "It has been held
that the prosecutrix cannot testify to the motive which induced
her to submit to intercourse with defendant, but the better opinion
is to the contrary." As sustaining our position, see State v.
Brinkhaus, 34 Minn. 285, 25 N. W. 642; Ferguson v. State, 71
Miss. 805, 15 South. 66, 42 Am. St. Rep. 492; State v. Bennett,
137 Iowa, 427, 110 N. W. 150; People v. Jensen, 66 Mich. 711,
33 N. W. 811; Armstrong v. People, 70 N. Y. 38; State v. Ray-
nor, 145 N. C. 472, 59 S. E. 344.

[5] It is further contended by the appellant that the court
erred in permitting the presecution to introduce evidence in re-
buttal of defendant's evidence that properly belonged to the
prosecution's case in chief. On the trial the evidence of the
prosecutrix tended to prove the commission of the offense on the
evening of the 18th of June, the time alleged in the information,
and evidence was introduced on the part of the state tending to

prove that the defendant was at the home of the prosecutrix that evening. The defendant as a part of his defense introduced testimony tending to prove that he was not at the home of the prosecutrix on the evening of the 18th of June. The state in rebuttal of this evidence on the part of the defense was permitted, over the objection of the defendant, to introduce further testimony tending to prove that the defendant was there at that time. It is contended on the part of the state that the defense interposed by the defendant was an alibi, an affirmative defense, and that such a defense must be affirmatively proven by the defendant, and that it was competent, therefore, for the state to introduce evidence rebutting the alibi, and, even if it was not admissible upon this ground, the admission or rejection of such evidence was within the sound judicial discretion of the trial court, and, unless there was an abuse of such discretion, the ruling of the trial court would not be reversed by this court.

We are of the opinion that the evidence was admissible upon both grounds. It is true that the prosecution in making out its case in corroboration of the statements of the prosecutrix introduced evidence of two witnesses tending to prove that the defendant was at the home of the prosecutrix on the evening of June 18th, and this evidence constituted sufficient corroboroation of the prosecutrix, unless controverted by the defendant by claiming that he was not at the home of the prosecutrix on the evening designated. Clearly, therefore, the defendant in making his defense that he was not at the place that evening introduced a new issue which the prosecution had a right to rebut by additional evidence. Even if this view were not correct, we cannot say that there was any abuse of the court's discretion in admitting the evidence under the peculiar circumstances of this case. We are of the opinion, therefore, that the court committed no error in permitting the prosecution to make the proof objected to. State. v. Watson, 102 Iowa, 651, 72 N. W. 283; Kastner v. State, 58 Neb. 767, 79 N. W. 713; People v. Mar Gin Suie, 11 Cal. App. 42, 103 Pac. 951; Lo Toon v. Territory, 16 Hawaii, 351; People v. Tidwell, 4 Utah, 506, 12 Pac. 61; State v. Webb, 18 Utah, 441, 56 Pac. 159; State v. Klein, 19 Wash. 368, 53 Pac. 364; State v. Hunter, 118 Iowa, 686, 92 N. W. 872; State v. Seligman, 127

Iowa, 415, 103 N. W. 357; State v. Robbins, 109 Iowa, 650, 80 N. W. 1061.

[6] It is further contended by the appellant that the court erred in giving the following part of its charge to the jury: "With reference to this provision of the law in regard to previous chaste character, the court charges that the law presumes a woman to be of chaste character until the contrary is shown, but, if there is a reasonable doubt as I will hereinafter define it of her chastity under all the evidence, he would be entitled to the benefit of that doubt." There is a conflict in the decisions as to the correctness of the court's charge to the jury, but, in the view we take of the case, it will not be necessary to express any opinion as to the correctness or incorrectness of the court's charge in the case at bar; as there was no reversible error committed in the charge of the court, for the reason that the prosecutrix had testified that she had had no intercourse with any one previous to the time of her seduction by the defendant on the 18th of June; and, as there was no evidence introduced on the part of the defendant questioning her chastity prior to that time, the jury was clearly warranted in finding her to be a chaste female prior to the time of her alleged seduction upon her evidence, and it is immaterial, therefore, in this case whether the court's instruction is or is not held to be erroneous. The testimony of the prosecutrix did not require corroboration, and, in the absence of any evidence to the contrary, the jury were authorized to regard her statement as to the fact of her chastity as conclusive. State v. King, 9 S. D. 628, 70 N. W. 1046; State v. Miner, 107 Iowa, 656, 78 N. W. 679; State v. Bollerman, 92 Iowa, 460, 61 N. W. 183. Numerous authorities are cited by the respective counsel in support of their respective contentions, but, in the view we have taken of the case, it will not be necessary to review these authorities in this opinion.

[7] It is further contended by the appellant that the court erred in the following portion of its charge to the jury: "That she was an unmarried female of previous chaste character, and that there was an act of sexual intercourse under a promise of marriage, are facts which may be found from her evidence alone, if you believe beyond a reasonable doubt that to which she has testified on these subjects, but you cannot find that he is the guilty party, unless, as stated, there is evidence other than that of

* * * * [the prosecutrix] tending to prove that fact." It is conceded by the learned counsel for the appellant that the language of this instruction was taken verbatim from the opinion of this court in State v. King, supra, but it is contended that that decision of this court is not sustained by the authorities and that the law as announced in that case cannot be sustained, and counsel cites cases holding a different view. Upon an examination of these cases it will be found that the decisions were based upon statutes very different from that of our state. After a careful review of the decisions in the case of State v. King, supra, we are not inclined to modify or change that opinion as in our judgment the same gives the correct construction of our section of the Code requiring corroboration of the prosecuting witness. We are, therefore, of the opinion that there was no error in the instruction of the court referred to, following as it did the decision of this court in the case above cited.

[8] The appellant also contends that the following portion of the court's charge to the jury was erroneous: "If you find from the evidence that these young people * * * [prosecutrix and defendant] kept company with each other, and acted as lovers usually do, and other like circumstances, if you find any are disclosed by the evidence, are sufficient to constitute corroborating evidence to connect the defendant with the offense within the meaning of the law." Upon an examination of the whole charge we are of the opinion that the court committed no error in the portion of the charge referred to. The charge of the court was fair and impartial. In our opinion it correctly presented the law of the case to the jury, and the claim made on the part of the appellant that the court invaded the province of the jury in untenable. It is the court's duty to instruct the jury upon the law applicable to the facts in the case, and this, apparently, was all the court did in the case at bar.

[9] The defendant requested the court to give the following instruction which the court refused: "If the jury find that the defendant had illicit connection with the. precuting witness, and that she consented to the same either wholly or in part through lust or passion, the defendant should be acquitted, although a promise of marriage was then made by him to her and was part, though not the sole, inducement that caused her to give such con-

sent." It is doubtful if there is sufficient evidence in the case to warrant such an instruction, but, assuming that the instruction stated the law correctly, the court committed no error in refusing to give the same, as it in its charge to the jury substantially embodied the requested instruction.

[10] The court charged the jury as follows: "nor could there be any conviction if you should find from the evidence that there had been illicit intercourse between them, but that it was by mutual consent in gratification of passion, and was not in truth under promise of marriage." It will thus be seen that the court stated the law to the jury as favorably to the defendant as the law would warrant, as the prosecutrix testified that she would not have had illicit intercourse with the defendant except for his promise of marriage, and the defendant as a witness in his own behalf testified that he never had any intercourse with the prosecutrix at any time or place. If the jury believed the testimony of the prosecutrix, they were fully justified in finding the defendant guilty as charged in the information.

It is contended by the appellant that the court erred in sustaining a number of objections made by the prosecution to the introduction of evidence on the part of the defendant, but, after a careful examination of the ruling of the court upon these various questions, we are of the opinion that there is not sufficient merit in these assignments of error to require separate consideration of them in this opinion.

The judgment of the circuit court and order denying a new trial are affirmed.

WHITING, J. (dissenting). I think the court's instruction that the finding of certain facts would be "sufficient to constitute corroborating evidence" might have, and, in view of the extreme paucity of the evidence (other than the evidence of prosecutrix) tending to show that these young people "kept company * * * and acted as lovers usually do," I think it must have, led the jurors to believe that, if they found any evidence of this nature, it was sufficient corroboration, and that it was therefore not left to them to determine whether there was sufficient corroboration. Without the jurors so construed the instruction complained of, I am unable to understand how they could ever have found the verdict returned.