## THE PEOPLE v. RASMUS JENSEN.

*Criminal law—Cross-examination—Contradictory testimony—Seduction—Assignments of error upon charge of court without exceptions taken.*

1. It is competent for the prosecution in a criminal case to show on cross-examination that a witness for the respondent has testified in another suit directly contradictory of his direct testimony.

2. Where error is assigned on the charge of the court under the statute, no objections having been made on the trial, nor requests made or refused, it is not proper to consider any objections that are not *substantial* and calculated to do injustice.[1]  Act No. 101, Laws of 1885.

Error to Manistee.  (Judkins, J.)  Argued June 28, 1887. Decided July 7, 1887.

Information for seduction. Respondent was convicted. Judgment affirmed.  The facts are stated in the opinion.

*Andrew Hanson,* for respondent.

*Moses Taggart,* Attorney General, and *A. V. McAlvay,* prosecuting attorney, for the People.

CAMPBELL, C. J.  Respondent was convicted of the seduction of an unmarried woman, Matilda Johnson, under promise of marriage.  No dispute was made by defendant of the fact of illicit intercourse, but the question before the jury was as to its circumstances, and as to the woman's own character.  The whole testimony indicates among the associates of both a somewhat primitive freedom of life and conduct that is not common in this country; and, if the witnesses for defendant had been believed, it was anything but primitive innocence.  But the woman's testimony very

[1] See *Just v. Porter,* 64 Mich. 565 (head-note 2); *Hufford v. G. R. & I. R. R. Co.,* Id. 632.

plainly showed seduction under promise of marriage, and that she was at that time a chaste woman, and but for respondent has continued so. Defendant's witnesses make out as plain a case of unchastity. It is not for us to pass upon their credibility. The jury evidently did not believe them, and they certainly were not bound to believe them.

Much of the testimony was taken through an interpreter, and it seems to have been difficult to explain to the witnesses the questions put by counsel. Two questions were objected to as leading, but they do not seem to us to have gone beyond the proper discretion of the court, and it is not apparent that they were in any way calculated to do any more than reach facts concerning which it was easy to sift the witness by cross-examination. We do not think there was any abuse of discretion, or that any mischief could be traced to them.

Upon cross-examination of one Mike Magnison, who had testified to some very brutish conduct with the complaining witness, and who undertook to contradict her concerning their relations, and who, according to her testimony, which was somewhat corroborated, was her rejected suitor, he was pressed with some questions, and among other things was asked whether a brother-in-law, in whose house some of these transactions were located, had not sued him for board. This being objected to, the prosecution made these remarks:

"I propose to show that this man's brother-in-law sued him for some board, I think it was, and he came in and defended that suit, and charged so much a day for taking care of this sick woman, and said he had no help at all to take care of her. Now he is testifying that this woman was helping. In the justice's court he swore nobody was helping him."

This was objected to, and the objection overruled. The objection was not for irrelevancy, but because it was prejudicial to the defendant to make such remarks. The prosecu-

tion then went on, and examined him on that subject without objection; the witness giving a different account of the date of the litigation.

The occasion of Matilda Johnson's coming to the house and staying there, as sworn to by Magnison on this trial, was to help take care of his sister. The testimony which the prosecution proposed to offer was such as would show he had made statements under oath directly contradictory of his testimony. It was legitimate cross-examination to push this inquiry, and it was no less so by reason of the witness' differing version of the facts. The objection which led to the explanation given by the prosecution was one which called for an explanation, and was rendered inapplicable when so explained. The record does not show that the prosecutor abused the opportunity, or acted in bad faith. No error appears in this matter.

The remaining assignments of error rest on objections to the charge, not made at the time, but assigned under the statute. No requests were made or refused. Under such circumstances, it is not proper to consider any objections that are not substantial and calculated to do injustice.

The fourth, fifth, and sixth assignments relate to particular passages of the charge, which it is claimed do not present the issues as they arose. Upon considering them with the context, we do not think the court erred against defendant. The case presented direct conflict between the witnesses. The complainant's case was one which made out the offense. The defendant's case denied the promise in question, and undertook to show unchastity. The court pointed out very clearly and very forcibly the facts necessary to be proven, and the necessity of being satisfied beyond a reasonable doubt. The necessity of showing chastity, and the seduction of a chaste woman who relied on defendant's promise of marriage, was elaborated and enforced. Attention was called to the conclusive character of the testimony of defendant's

witnesses, if believed.   The charge was very fair and very clear.   It could not have been misunderstood.

Objection was also made to some remarks of the judge upon the notoriety of the controversy, and the importance that the jury should fix the truth.   It appears from the charge that this was suggested by defendant's own counsel, and the whole tenor of the judge's remarks was to induce the jury to be impartial, and to come to a conscientious conclus'on.   There was no leaning against the defense.

The jury have settled the facts against defendant, and we see nothing to indicate that the court did not present the matter impartially and fairly.

The judgment must be affirmed.

The other Justices concurred.