PEOPLE v. FROST.

1. CRIMINAL LAW—CROSS-EXAMINATION—KNOWLEDGE.
   A respondent, charged with selling intoxicating liquors in his drug store to be used as a beverage, was properly required by the court, on cross-examination, to answer whether he had sold other intoxicating liquors on the same day, his register of sales being in evidence and no objection having been made to its admission.

2. SAME.
   Nor was it erroneous to permit the prosecuting officer to ask of the witness whether he knew that the purchaser of liquor went home intoxicated after the alleged sale.

3. SAME—TRIAL—LEADING QUESTIONS.
   It was within the discretion of the trial court to refuse the attorney for respondent the right to ask a leading question of a witness who had stated he did not remember about a certain conversation, but who did not appear confused, agitated, or unfamiliar with English.

Exceptions before sentence from the superior court of Grand Rapids; Stuart, J. Submitted January 29, 1914. (Docket No. 139.) Decided March 26, 1914.

Charles Frost was convicted of violating the liquor law. Affirmed.

*Grant Fellows,* Attorney General, *Earl F. Phelps,* Prosecuting Attorney, and *Louis T. Herman,* Assistant Prosecuting Attorney, for the people.

*Dunham & Dunham,* for respondent.

KUHN, J.    The respondent, a druggist in the city of Grand Rapids, was convicted in the superior court of said city, on February 9, 1913, of selling one-quarter pint of alcohol to William Boles, to be used by him as a beverage.    The respondent admitted the selling to Boles of the alcohol on the day alleged, but claimed that Boles said he wanted it to make a lotion for rheumatism—that is, for medicinal purposes—and that he registered Boles' name and the purpose of the purchase, as required by section 5381, 2 Comp. Laws (2 How. Stat. [2d Ed.] § 5057).    The questions raised on this appeal relate to the rulings of the court as to admission and rejection of testimony and the charge of the court.

The prosecuting attorney asked respondent on cross-examination the following question:  "Did you sell any other intoxicating liquors that day?"    And the court permitted an answer over objection.    The register, the book in which the respondent kept a record of his sales of liquor, was offered in evidence without objection by the defense, and it cannot be said that the question was asked to show that there were other illegal sales that day, as the sales may have been entirely lawful if the requirements of the statute were complied with.    It was proper cross-examination.

Louis Dolan, a witness produced by the respondent, testified:

"*Q.* Did you hear Mr. Boles state, after Mr. Frost came down, what he got the alcohol for?

"*A.* I did.   He said he got the alcohol for his rheumatism.

"*Q.* What can you say as to whether at that time Boles was intoxicated or not?

"*A.* He was not."

Cross-examination:

"*Q.* You knew that he went home drunk that day?

"*Mr. Dunham:* I object to the question and I except.

"*Mr. Herman:* I will show it now—never mind.

"*Mr. Dunham:* I except to that statement of the prosecuting attorney.

"*Q.* I want to know if you don't know that he went home drunk that day?

"*Mr. Dunham:* I object to the question, and I except to the question also.

"*The Court:* He may answer.

"*Mr. Dunham:* I except to the ruling of the court also.

"*A.* I don't know it."

The cross-examination and the remark of the prosecutor are complained of, but we are of the opinion that it was proper cross-examination and no error was committed.

Another assigment of error relates to the examination of Charles Murray, a witness for the respondent, who testified as follows:

"*Q.* Did you hear anything about what the conversation was, if anything, as to who must do the registering?

"*A.* I could not say as to that.

"*Q.* I will ask you if you remember anything else that was said there between Dunn and Frost, about that book or about that register?

"*A.* Just, Mr. Dunn was saying that you did not make Mr. Boles register, and Mr. Boles did not register; he said that a couple of times.

"*Q.* Do you remember anything else that was said there between them about it?

"*A.* Not any more than just Frost and he were talking.

"*Q.* I will ask you this, if Mr. Frost said that it

was not necessary for Boles to write himself, or register himself?

"*Mr. Herman:*  I object to the question as being leading.

"*Mr. Dunham:*  There is no question about its being leading.

"*The Court:*  Yes, that would be leading.  He need not answer that question.

"*Q.* Did you hear—do you remember now anything more that was said than you have already given?

"*A.* I could not say just the words that were said. I did not pay much attention.

"*Q.* Do you remember of Mr. Frost's saying, it is not necessary for Mr. Boles himself to write his name?

"*Mr. Herman:*  I object to that as being leading.

"*The Court:*  That has been ruled on.

"*Mr. Dunham:*  I understand it, but I think the question is competent now.

"*The Court:*  Of course, the ruling would be same.

"*Mr. Dunham:*  I have exhausted the witness' recollection, and I think the question is competent.

"*The Court:*  No.

"*Mr. Dunham:*  I will take an exception."

It is the claim of respondent's counsel that the court should have permitted him to ask the leading question as he had exhausted the witness' recollection. This was respondent's own witness.  It does not appear that he was hostile, or that he was confused or agitated, or that he did not understand the English language.  The question was clearly leading, and whether or not it should be answered was a matter within the discretion of the court, which we are satisfied was not abused.  *People* v. *Jensen,* 66 Mich. 711 (33 N. W. 811).

A number of assignments of error relate to the judge's charge, and the principal criticism that is made is that it was argumentative.  A careful reading of the whole charge convinces us that it carefully guarded the respondent's rights and properly submitted to the jury the question in issue.

We are satisfied that no error was committed on the trial of this case. The conviction of the respondent is affirmed, and the trial court is directed to proceed to judgment.

MCALVAY, C. J., and BROOKE, STONE, OSTRANDER, BIRD, MOORE, and STEERE, JJ., concurred.