### J. B. DAVIS v. SMITH & STRAUS.

The testimony of a witness, (called upon by the plaintiff,) who stated that he heard the bargain, or terms of the contract, which was the subject of controversy, but did not hear the whole of the conversation between the plaintiff and the defendants, is competent to prove what such contract was, and is not open to the objection of its being "fragmentary."

This was a CIVIL ACTION on contract, tried at the January Term, 1876, of CUMBERLAND Superior Court, before his Honor, Judge BUXTON.

The plaintiff, a copper-smith, sought to recover a balance due for a turpentine still and fixtures, furnished the defendants, doing business in Bladen County.

On the trial in the Court below, there was much evidence heard irrelevant to the point decided in this Court, viz: as to the competency and effect of certain evidence; as also several exceptions taken, which were, in this Court, abandoned, &c.

The defendants alleged that they had suffered loss, by reason of the plaintiff failing to deliver the still on a day certain, thus disappointing them, as they had collected and engaged turpentine with the view of starting operations at once, which turpentine had wasted by leakage in consequence of such delay.

One of the defendants, Smith, who made the contract with the plaintiff, testified that in February, 1872, or the first of March, when he made this contract with the plaintiff, at the shop of the latter in Fayetteville, the plaintiff expressly agreed to deliver the still and fixtures by the last of March or the first of April following ; and that, relying upon the plaintiff's fulfilling this agreement, he had previously to 1st of April, 1872, bought and made engagements for a large quantity of turpentine, and that considerable leakage had occurred from evaporation, &c., of the virgin dip, during the delay from 1st of April, the stipulated time, and the 6th of June, the actual time of delivery.

Another witness estimated the loss by leakage, &c., at one hundred and eighty (180) dollars.

In reply to this evidence for the defendants, the plaintiff testified that there was no certain day named for the delivery of the still ; that he was very much crowded with work, and was unable to do so and did not do so ; that he agreed to deliver the still as soon as he could, and that he had done so.

Jordan Branch, a witness for the plaintiff, testified that in 1872, he was in the employment of the plaintiff as a coppersmith ; that he was engaged in hammering on a still the day that the defendant, Smith, come and made the bargain with the plaintiff, for the exchange of stills. That the plaintiff and defendant were engaged in conversation, when he was called up to them by the plaintiff and asked by him, when he could get the still ready ? Here the defendants' counsel interrupted the witness, and asked him if he could repeat the substance of all the conversation which occurred

on that occasion between the plaintiff and defendant. Witness answered that he could state the substance of what occurred while he was present, and thought that he heard the whole of the bargain, but that he found them talking and left them talking when he went back to his work ; and so he could not say that he heard the whole conversation.

The defendants' counsel objected to the witness testifying to a part of a conversation, as he had not heard the whole of it. Objection overruled, and the witness proceeded.

The plaintiff told the witness that he had engaged a still to Smith, the defendant, and asked him when he could get it ready ? Witness answered that he could set no certain time, as he was pressed up with work, but that he would do it as soon as he could. Davis then said to Smith, "You shall have it as soon as we can do it." They went over the terms in the witness' hearing—the new still at sixty-five cents *per lb.* for all except the worm, which was to be at sixty cents; and the old still two for one, except the worm, which was to be at twenty cents. Smith said he wanted a good 15-barrell still of good workmanship and material. The still furnished was of that character. While the witness was at work upon it, he was hurried up by the plaintiff.

To the reception of this evidence the defendants excepted.

There was a verdict and judgment for the plaintiff for $531.75. The Court refused the defendants a new trial, whereupon they appealed.

*McRae* and *Broadfoot,* for appellants, submitted :

That the only point in the case relied upon by defendants' counsel in this Court is as to the admission of the testimony of Branch concerning the conversation between the plaintiff and defendant Smith—the third exception.

Witness expressly stated that he was hammering on a still and did not hear the first of the conversation, " that he

was called up by plaintiff and asked a question;" "that he could state the substance of what occurred while he was present, and thought he heard the whole of the bargain;" "but that he found them talking and left them talking when he went back to his work, and so could not say he heard all the conversation." This seems to us to be as strong a case as *Buie* v. *Carver*, 73 N. C. Rep., 264, and to come under the denomination of *fragmentary.* Phillips & Amos on Evidence, 357, notes A; and 2 Greenleaf, vol. 1, page 255, sec. 201.

*Hinsdale*, with whom was *Guthrie*, contra, argued:

1. As Branch was called up by plaintiff and defendant to enable them to fix the time of delivery, he is competent to testify on this point, though he did not hear their whole conversation, especially as this is the only point upon which they differ in their testimony. *Buie* v. *Carver*, 73 N. C. Rep., 264, distinguished.

2. Witness said he heard the whole of the contract; this renders him competent.

3. Witness was called to corroborate Davis and to discredit Smith. This rendered him competent, though he did not hear all. *Ingraham* v. *Watkins*, 1 D. & B., 444; *Edwards* v. *Sullivan*, 8 Ired., 304.

4. Witness was called to prove a fact, viz: that he was called up to give information as to press of business in the shop, with a view to enable the contracting parties to fix time of delivery, and that he did so. This tended to show that Davis' version of the contract was the more reasonable. Witness had the right to give in all that was said by himself or any one else at the time and accompanying the act as a part of the *res gestæ.* 1 Greenleaf Ev., sec. 108; Starkie on Ev., 87–9; *Patton* v. *Dyke*, 11 Ired., 237; *Foster* v. *Woodfin*, 11 Ired., 339; *Askew* v. *Reynolds*, 1 D. & B., 368, and cases cited in note.

5. While the policy of the law is against fragmentary ev-

idence, yet if the whole of a conversation is before the jury from other witnesses, a witness who heard a portion of the conversation is competent to testify as to it. If one short-hand writer takes down a conversation complete up to a certain point, and another takes down the rest of what was said, there is no rule of law that should exclude them, although each may not have heard what the other took down, and this is because the jury have the whole conversation from the two. Either one by himself would be incompetent.

READE, J. The plaintiff sold the defendant a still, and sued him for the price. The defendant set up a counterclaim for damages, which he sustained by reason that the plaintiff did not deliver the still as soon as he had agreed to deliver it. The plaintiff and the defendant were both witnesses, and the point in dispute between them was, whether the still was to be delivered on a day certain, as the defendant alleged, or as soon as it could be made, as the plaintiff alleged. To sustain his version, the plaintiff called his workman, who testified that while hammering on a still he was called by the plaintiff, who was in conversation with the defendant, and when he got in their presence, the plaintiff told him that he had engaged a still to the defendant, and asked him when he could have it ready? He replied that he could not fix a time certain; that he would finish it as soon as he could. The plaintiff then said to the defendant, "You shall have it as soon as we can do it."

This certainly tends to prove that no time was fixed, and to sustain the plaintiff.

But the defendant objects to the testimony upon the ground that the witness did not hear all the conversation between the plaintiff and defendant; they were talking before he went into their presence, and they talked afterwards. They went over the terms of the contract, and he thinks he heard all the bargain, but not all the conversa-

tion. And so the defendant insists that the testimony is subject to the objection of being "fragmentary," as it is called in the books.

We do not think so, for the reason that if he heard all the bargain, as he thinks he did, then the balance of the conversation, whether it was the chaffering about the bargain, or whether about other matters, was unimportant. At any rate, the witness heard what he was called up to hear, and all that they wanted him to hear; he was, to that extent, a witness called on by both parties; and it was competent for him to tell what they agreed he should hear. It is not like the case of a medler, who chooses to hear a fragment of a conversation in the interest of one party without hearing how it may have been explained or varied by other parts of the conversation. Such evidence is worth very little, and generally is not competent at all.

The other exceptions, by defendants, were abandoned in this Court.

There is no error.

PER CURIAM.                         Judgment affirmed.