STATE v. FRANK CARSON.

*Declarations—Evidence.*

It is competent for a witness to give the declarations—or the substance of them—made by a party to an action in the course of a conversation, although he did not hear the entire conversation, if the portion heard embraced a distinct fact, pertinent to the issue.

(*State* v. *Lanham*, 88 N. C., 634; *State* v. *Pratt*, Ibid., 639; *Davis* v. *Smith*, 75 N. C., 115; and *State* v. *Swink*, 2 D. & B., 14, cited and approved).

INDICTMENT for larceny, tried before *Boykin, Judge,* at August Term, 1886, of IREDELL Superior Court.

The following is the material part of the case stated on appeal:

There was evidence tending to prove that the defendant had stolen certain tobacco, the property of one Kennedy, and had sold it to one Combs. The wife of the said Combs was introduced by the State as a witness, and testified: "My

38

husband has been buying tobacco from the defendant for about two years. He bought from him last about the 11th of March, 1886. Soon thereafter, the tobacco factory of the said Kennedy was reported to have been broken into about the time," (to-wit: 11th of March). "About the same time the defendant came to our house one night, about two o'clock in the morning. I heard him and my husband engaged in conversation. Defendant said, 'Lee got me to come up and ask you (Combs) not to say anything to Kennedy about buying tobacco from us.'"

Defendant's counsel enquired of the witness if she could give the substance of the entire conversation. She replied that she did not hear the entire conversation; that she only heard that part which she had recited, and that she could give the substance of that part of the conversation that she did hear.

Defendant objected, because witness did not hear and could not give the substance of the entire conversation. Objection overruled and defendant excepted.

There was a verdict of guilty, and judgment thereupon, from which the defendant appealed.

The *Attorney General*, for the State.
*Mr. John Devereux, Jr.*, for the defendant.

MERRIMON, J., (after stating the case). The evidence was properly received. Although the witness did not hear the entire conversation, she heard so much of it on the part of the defendant as stated a distinct and intelligible fact, embracing the substance and scope of the conversation, that was pertinent and competent as evidence going to prove the guilt of the defendant. She did not know what so much of the conversation as she did not hear referred to.

That this part bore on the part she heard does not appear. It may not, from aught that we can see, have had any con-

nection with it. What she heard was in its nature substantially complete. It was simply a request that the husband of the witness would not say anything to the prosecutor about buying tobacco from the defendant and another.

A rule of law that would exclude leading and distinctive declarations and admissions of a party, because the witness did not hear the whole of the conversation in which they were made, would have the effect to destroy to a large extent, a very important source of evidence in the administration of public justice.

It oftentimes happens that a witness has heard an important and leading part of a conversation, in which a party to it made distinctive declarations and admissions, and the witness can state the substance of all that he heard. Is such evidence, in a proper case, of such a witness, not to be received because he did not hear the whole of the conversation? Is such evidence worth nothing, and wholly to be rejected? Surely this cannot be.

The fact that the witness did not hear all the conversation, would certainly affect the weight of such evidence, and this would be determined by the jury. If the declarations or admissions were such as other parts of the conversation would probably affect or modify, then the evidence would have less weight, while on the other hand if they were probably or obviously made, without qualification or modification, the evidence would bear greater weight.

Hence, Judge GASTON said in *State* v. *Swink*, 2 D. & B., 14, "But we find no authority and no dictum, to warrant the supposed qualifications of the general principle which makes a man's conduct and declaration, when voluntary, admissible against him, so as to exclude evidence of his acts or declarations because not as complete as he intended that they should be. It seems to us, what he has said and what he has done, however unfinished and imperfect, is competent testimony, and its proper effect is to be judged of under all the acccom-

panying circumstances by those whose duty it is to weight the evidence." And in *State* v. *Rose*, 88 N. C., 639, Justice RUFFIN, after stating that such evidence is competent, adds: "It is easy, it is true, to imagine cases in which mischief might result from taking fragments of a conversation, as gathered from an imperfect hearing, and applying them to matters foreign to the party's intention. But such things are not likely to occur in actual experience, and the correction may be safely left to the good sense of the jury." *Davis* v. *Smith*, 75 N. C., 115; *State* v. *Lanham*, 88 N. C., 634.

Of course, if the witness can state the whole conversation, or the substance of it, in which the declarations or admissions were made, he must do so. This the party to be affected adversely is entitled to have, and besides it would tend to strengthen the evidence.

There is no error.

No error.                                                    Affirmed.