## STATE v. ROBERTSON.

*Indictment for Seduction—Evidence—Impeachment of Witnesses —Trial—Expression of Opinion by Trial Judge.*

1. It is competent for the State, in the trial of an indictment for seduction, to show that there was sexual intercourse between the parties subsequent to the first alleged act.

2. In the trial of an indictment for seduction one H. testified, for the defence, that he had sexual intercourse with the prosecutrix prior to the date of the alleged seduction. One U. for the State, testified that in a conversation with him the said H. had stated, in reply to a question, that he had never had illicit intercourse with the prosecutrix and that she was a lady. Another witness for the State was allowed to testify that he was near H. and U at the time of the conversation and that, hearing the name of the prosecutrix mentioned, he went near to the parties and heard H. say "It is not so. I always found her to be a lady" The latter testimony was objected to as fragmentary. *Held*, that the testimony was competent since it contained the whole matter in dispute and nothing that H. could have said could have explained it to mean anything other than that the prosecutrix was a virtuous woman, so far as he knew.

3. *Code*, Section 413, only prohibits the trial Judge from expressing an opinion upon those facts respecting which the parties take issue or dispute and, in order to constitute a violation of the Statute, remarks complained of must be shown to have been an expression of opinion on the facts and prejudicial to the party complaining of the same; but where, in the trial of an indictment for seduction, the prosecutrix in reply to a question, tearfully and energetically denied that she had ever had carnal intercourse with any one but the defendant and the crowd of bystanders laughed boisterously, and thereupon the trial Judge, in attempting to quell the disturbance, remarked, "If I could discover the infernal fiends who laugh in such

a manner, I would send them to jail for contempt," such remarks were not an expression of opinion on the facts involved in the prosecution.

INDICTMENT for seduction, tried before *Robinson, J.*, and a jury at July Term, 1897, of WAKE Superior Court. The defendant was convicted and appealed assigning as error the admission of certain evidence for the State and the remarks of his Honor to bystanders at the trial.

*Mr. Zeb V. Walser, Attorney General,* and *Messrs. Jones & Boykin,* for the State.

*Messrs. Battle & Mordecai* and *Argo & Snow,* for defendant (appellant).

FURCHES, J.: This is an indictment for seduction under promise to marry, under the Act of 1885, Chapter 248.

There are three exceptions presented by the record, two as to evidence and one as to remarks made by the Judge during the progress of the trial, in which it is alleged the Judge expressed an opinion as to the facts in the case prejudicial to the defendant.

The State asked Julia Hester, the prosecutrix, if subsequent to September 1893 there were other illicit acts committed by them of a carnal character. This was objected to by defendant but allowed by the Court and the witness answered in the affirmative that there had been other acts since the first.

This ruling of the Court is sustained by Wharton's Criminal Evidence, Section 35; *Sherwood* v. *Tilman,* 55 Penn. St. 77, and by a note in *Weaver* v. *Bechart,* 44 Am. Dec. 172, where *Sherwood* v. *Tilman,* is quoted with approval.

As the third exception is also as to evidence, we will consider it next. Thomas Hester testified that he had sexual intercourse with the prosecutrix before September 1893, the alleged date of the first intercourse with the defendant.

J. W. Upchurch testified in behalf of the State that he had a conversation with the witness, Thomas Hester, at his mill a few days before the trial in the civil action, in which he asked Thomas if it was true that he had sexual intercourse with Julia Hester, the prosecuting witness, when Thomas replied that it was not true; that he knew nothing of her, but that she was a lady.

There was evidence that Ray Parrish, Upchurch's miller, heard this conversation. Parrish was introduced by the State and testified: "I saw Thomas Hester at the mill the day he refers to and heard him talking; they were just outside. I heard Thomas Hester mention Julia Hester's name and I went to them immediately and heard Thomas Hester say, 'It is not so, I always found her to be a lady.' " To this evidence the defendant objected and upon it being allowed excepted, upon the ground that it was fragmentary.

We do not think so. It contained the whole matter in dispute, and if true proved that Thomas Hester had testified falsely, and nothing that Thomas could have said could have explained it to mean anything but that she was a virtuous woman, so far as he knew. There was no error in allowing this evidence. *Davis* v. *Smith*, 75 N. C., 115.

The second exception was urged with great earnestness and seems to have been principally relied upon by the defendant. It is an alleged violation of Section 413 of *The Code*. During the progress of the trial which seems to have lasted for more than a day, there had been considerable disorder on the part of some of the persons present at the trial. This disorder was loud outbursts of laughter, which the Court had undertaken each time to suppress. During the examination of the prosecutrix, Julia Hester, she was asked by the State if she had ever, at any time, permitted any man, other than the defendant, to have carnal know-

ledge of her; and when she replied, weepingly bitterly, in a trembling voice, "No sir, no sir," there was great and long continued laughter on the part of certain of the audience. 'The Court reproved them severely, saying 'Order, order; let the laughter stop at once. If I could discover the infernal fiends who laugh in such a manner, I would send them to jail for contempt." Without approving of the language in which this reprimand was administered, we do approve of the reprimand. The Judge could not have maintained his own self respect nor the respect of others for the Court over which he presided, if he had not reproved and reproved sharply such unseemly and disrespectful conduct. And, as it was his duty to keep order and to reprimand and to punish, if need be, parties engaged in such disreputable conduct, we are at a loss to see how the language used by the Judge could prejudice the defendant. It may be—we do not say that it did—that the sharp reproof administered by the Court prevented this clacking from having the effect that the defendant wished it to have. Whether this be so or not, it must be understood that order will be maintained in our Courts, and that causes civil or criminal must be tried by the evidence in the case and the law as pronounced by the Court. It has not come to this, that a Judge cannot maintain order in Court (even though he uses language in doing so that we do not approve) without laying himself liable to the charge of violating Section 413 of *The Code.* What he said was not to the witnesses, not to the counsel, not to the defendant, but to those creating a disorder. And how the defendant can come to the conclusion that he was prejudiced, we cannot see, unless he was expecting the disorder to benefit him in some way.

The Statute, Section 413 of *The Code,* only prohibits the Judge from expressing an opinion upon those facts respecting which the parties take issue or dispute. If he does

this—expresses an opinion—in any manner or at any time during the trial, he violates the Statute, if it is done in such a manner as to prejudice either party.   But it devolves upon the party complaining to show that the Court has in some way expressed an opinion on the facts and that it is prejudicial to him, or that it must be reasonably inferred that he was prejudiced thereby.

In *State* v. *Jones*, 67 N. C., 285, it is held that there must be some clear proof that an unfair effect was likely to be produced by the mode adopted, before it can be considered "as a violation" of the Statute, Section 413 of *The Code*.

In *State* v. *Browning*, 78 N. C., 555, it is said that "unless it appears with ordinary certainty that the rights of the prisoner have been in some way prejudiced by the remarks or conduct of the Court, it cannot be treated as error," under the Statute.

In *Williams* v. *Lumber Co.*, 118 N. C., 928, in discussing the rule under Section 413 of *The Code*, it is said the Court admitted a paper in evidence under the objection of the other side "remarking in a very pointed manner that the Court would allow the paper to be read and risk it; that when people contracted debts they must pay them."   And this was held not to be a violation of Section 413.   This case contains a full discussion of the learning on this subject, in which the most of the authorities are collected.

Therefore, tested by reason as well as by authority, we are of the opinion there was no error in law committed in the reprimand, nor in the manner of making it, prejudicial to the defendant.   The judgment is affirmed.

Affirmed.