(77 South. 83)

HERBERT v. STATE. (8 Div. 526.)*

(Court of Appeals of Alabama. June 26, 1917. On Rehearing, Nov. 20, 1917.)

1. SEDUCTION ⊚═44—CRIMINAL PROSECUTION —ADMISSION OF EVIDENCE.

In a seduction prosecution where prosecutrix's chastity previous to the date of alleged intercourse was attacked, evidence of accused's relations with her subsequent to such date is admissible to show the cause of her yielding.

2. SEDUCTION ⊚═49—CRIMINAL PROSECUTION —JURY QUESTION.

Prosecutrix's testimony, corroborated by several witnesses and evidence of accused's leaving the state, held to make his guilt a jury question.

3. SEDUCTION ⊚═36—CRIMINAL PROSECUTION —PREVIOUS UNCHASTITY.

Prosecutrix's unchaste conduct with accused prior to date alleged is not a defense, since she may have reformed and, on the date alleged, yielded under promises of marriage.

4. SEDUCTION ⊚═50(4) — CRIMINAL PROSECUTION—INSTRUCTIONS.

A requested instruction that, in order to find defendant guilty, the evidence must show more than a mere promise of marriage and subsequent illicit intercourse, held incomplete, argumentative, and misleading.

5. SEDUCTION ⊚═50(1) — CRIMINAL PROSECUTION—INSTRUCTIONS.

A requested instruction that, if prosecutrix was unchaste when defendant met her, the state must prove she was chaste when "defendant promised defendant" to marry her, etc., held properly refused because involved.

Appeal from Law and Equity Court, Morgan County; Thomas W. Wert, Judge.

Lawrence Herbert was convicted of seduction, and appeals. Affirmed, and application for rehearing overruled.

The defendant was indicted at the fall term, 1916, for seduction, was convicted, and from the judgment he appeals.

On the trial, the state offered testimony by the prosecutrix that the first act of intercourse took place in November, 1913, that there was a promise of marriage, and that it was by reason of the promise of marriage that prosecutrix yielded to the desires of defendant. After this, the state, over the objection and exception of defendant, ·was permitted to offer testimony of frequent acts, visits, and relation existing between the parties for a period extending into the year 1916, at which time it became known that the girl was pregnant and demanded of defendant that he fulfill his promise and protect her against humiliation. It is shown by the evidence without conflict that during all this time the defendant was a constant visitor of prosecutrix at her home, where she lived with her mother, showing her such attentions as a suitor usually shows to the girl he intends to wed, and it is also shown that during these visits there were frequent acts of intercourse between them; the girl yielding each time under the promises and endearing terms of the defendant. This last is denied by the defendant; but there is an entire absence of any evidence tending to show that the girl was visited by other young men, or that she was in any wise unfaithful ·or untrue to the defendant. The testimony of the prosecutrix is abundantly corroborated by other witnesses, so· as to authorize a conviction under the statute requiring corroboration. The defendant denies the promises and endearing terms, but admits the relationship, and testifies that it began in 1911, instead of November, 1913, and under circumstances, if the defendant is to· be believed, as to tend to prove the unchastity of the prosecutrix, and claims that it ended in the spring of 1915, before the girl became pregnant. It was shown that the defendant was arrested in a distant state, and, in explanation of his leaving the state where he was born and raised and worked at his trade, he said that in June, 1916, about a month after the· girl's brother had called on him to make good his promise of marriage, he had an offer of better wages in Arkansas, and went there to work.

Defendant objected to the testimony as to all acts of intercourse, endearing terms, attentions, and promises of marriage after November, 1913. The court overruled these objections, and defendant excepted.

The court refused the following written charges requested by the defendant:

(2) If you believe the evidence in this case, you will find for the defendant. * * *

(A) If you believe the evidence, you will find the defendant not guilty.

(10) If you believe from the evidence that the defendant had several intercourses with Elizabeth Henderson in November, 1912, and continued in such acts of sexual intercourse until November 19, 1913, they must find him not guilty.

(13) I charge you that in order to find the defendant guilty the evidence must show more than a mere promise of marriage and subsequent illicit intercourse.

(C) If you believe from the evidence that the prosecutrix, Miss Henderson, was unchaste at and prior to the time the defendant first met her, then I charge you that the burden of proof is upon the state to establish by the evidence, beyond a reasonable doubt, that the prosecutrix had reformed, and that she was chaste at the time the defendant promised defendant to marry her, and thereby induced her to have sexual intercourse with him.

(8) If the jury believe from the evidence that the defendant had sexual intercourse with Miss Henderson for some time prior to November 19, 1913, with her consent, and continued in such acts of sexual intercourse until November 19, 1913, then I charge you that Miss Henderson on said last date was within the eyes of the law unchaste, and your verdict should be for the defendant, although you may believe that on said November 19, 1913, the defendant made promises of marriage to the prosecutrix, Miss Henderson, and told her that he loved her and would protect her and ·by reason of such promises and statements she yielded to his request.

Tennis Tidwell, of Albany, and Callahan & Harris, of Decatur, for· appellant. W. L. Martin, Atty. Gen., and P. W. Turner, Asst. Atty. Gen., for the State.

SAMFORD, J. The objections to the testimony as to the subsequent and continuous association, protestations of love, and acts

with the prosecutrix, tended to corroborate the statement of the state's witnesses, and to have shown a motive for her having yielded her virtue to him. It is earnestly insisted by appellant's counsel that the opinion in the case of Pope v. State, 137 Ala. 59, 34 South. 840, is contrary to this view. From a casual reading of that case, it would appear that it is in conflict with this decision; but such is not the case. In the Pope Case, there was no question as to the prior chastity of the prosecutrix, and therefore the testimony in that case could only have reference to an election. In the instant case, the defendant testifies to facts which, if believed by the jury, tended to impeach the virtue of the girl prior to the time she yielded to him. In a case of seduction, where the chastity of the woman at and prior to the time alleged is made an issue, the acts and conduct of the parties towards one another during the period of continuous relationship should be permitted to go to the jury, to aid them in determining whether the act was caused by a yielding confidence, under promise of marriage, or of arts or flattery, a surrender to passion, or for commercial reasons. This view is sustained in Underhill on Criminal Evidence (2d Ed.) § 390, and authorities under note 64; 35 Cyc. p. 1350 (c); State v. Robertson, 121 N. C. 551, 28 S. E. 59; Keller v. Donnelly, 5 Md. 213–219; People v. Elco, 131 Mich. 519, 91 N. W. 755, 94 N. W. 1069. And in the case of Bracken v. State, 111 Ala. 71, 20 South. 636, 56 Am. St. Rep. 23, Mr. Justice Haralson, in passing upon the admissibility of the letters written by the defendant to the prosecutrix subsequent to the date of the alleged seduction, held that they were properly admitted in evidence, and in Wigmore on Evidence, vol. 1, par. 118, it is said, "Conceding an emotion, then, as a circumstance showing the probability of appropriate ensuing action, it is always relevant," and Mr. Justice Woods, in Ferguson v. State, 71 Miss. 814, 15 South. 66, 42 Am. St. Rep. 492, says that the admission of such evidence is without injury to the defendant.

[1] We are therefore of the opinion that as the defendant sought to impeach the chastity of the prosecutrix prior to November 19, 1913, the date upon which she said the offense was committed, the evidence was admissible as tending to establish her chastity prior to that time, and furnishing a motive for yielding to his embraces.

The case of Pope v. State, is not in conflict with the foregoing views.

[2] Charges A and 2 are the general charge, and were properly refused.

[3] Charges 10 and 8 were properly refused. "Even though she had previously fallen, she may have reformed, and, if she yielded to him then only under promise of marriage, she may have at that time had the virtue of chastity within the meaning of the stat-ute, entitling her to its protection." The dawning of each day may be the beginning of a new life—not, to be sure, without the scars of the past—but with the promise of a blameless future. Suther v. State, 118 Ala. 88, 24 South. 43; Weaver v. State, 142 Ala. 40, 39 South. 341, paragraph 8.

[4] Charge 13 is incomplete, argumentative and misleading.

[5] Charge C, it will be observed, reads:

"If you believe from the evidence that the prosecutrix, Miss Henderson, was unchaste at and prior to the time the defendant first met her, then I charge you that the burden is upon the state to establish by the evidence beyond a reasonable doubt that the prosecutrix had reformed, and that she was chaste at the time the 'defendant promised defendant' to marry her and thereby induced her to have sexual intercourse with him.'"

A casual reading of this charge will disclose the fact that it was involved, and therefore was properly refused.

For the above reasons, the motion for a new trial was properly overruled. The judgment of the trial court is affirmed.

Affirmed.

### On Rehearing.

The original opinion is withdrawn, the amplified opinion is substituted therefor, and the application for rehearing is overruled. Application overruled.