(91 South. 891)
**HARDY v. STATE.** (5 Div. 376.)

(Court of Appeals of Alabama. Dec. 20, 1921.)

1. **Witnesses ⟐⟐388(1) — Predicate for impeaching prosecutrix in seduction insufficient.**

In a seduction prosecution, during cross-examination prosecutrix was asked whether she remembered G. coming to her house and taking her statement in the preliminary investigation and then, "Did you at that time state to him whether or not that you had been having illicit intercourse with H. for seven or eight years off and on?" This predicate laid was insufficient to impeach her testimony, and hence objection to testimony of G. as to what she had told him was properly sustained.

2. **Seduction ⟐⟐46—Ample evidence corroborated prosecutrix.**

In a seduction prosecution, while the proffert of prosecutrix's child alone may have satisfied the jury of a material part of her statement, there was ample evidence of corroboration of her other statements to meet the requirements of the statute.

3. **Seduction ⟐⟐32—Evidence of former seduction by same defendant held unavailing.**

In a seduction prosecution, where the evidence showed, and defendant admitted, he had

once before seduced prosecutrix by a promise of marriage, that fact could not avail him in the present prosecution if prosecutrix was chaste at the time fixed by the prosecution.

**4. Seduction ⬅49 — Whether prosecutrix chaste at time of act held for jury.**

In a seduction prosecution, where it was shown that defendant once before seduced prosecutrix by promise of marriage, whether she was chaste at the time of the act fixed by the prosecution was a question for the jury, and denial of defendant's request for the general charge was proper.

Appeal from Circuit Court, Coosa County; W. L. Longshore, Judge.

Ira Hardy was convicted of seduction, and he appeals. Affirmed.

The girl alleged to have been seduced was Vera Glenn. During the cross-examination counsel for the defendant asked the prosecutrix the following question: "Miss Glenn, do you remember Mr. Gullege coming to your house and taking your statement in the preliminary investigation?" The witness answered: "Yes, sir." She was then asked the following question: "Did you at that time state to him or not that you had been having illicit intercourse with Mr. Hardy for seven or eight years off and on?" The witness answered: "No, sir."

When Gullege was placed upon the witness stand he stated that about the 10th day of September, 1920, he went to the home of Vera Glenn, and while there she made a statement to him which was not reduced to writing. He was then asked: "Did she or not state to you on the 10th day of September, 1920, that she had been having intercourse with Mr. Hardy off and on for eight years?" The court sustained an objection to this question, and the witness was not permitted to answer it.

Felix L. Smith, of Rockford, and J. Sanford Mullins, of Alexander City, for appellant.

Counsel discussed, with insistence for error, various matters assigned, but they cite no authority.

Harwell G. Davis, Atty. Gen., for the State.

Brief of counsel did not reach the Reporter.

SAMFORD, J. The charge of the court nowhere appears in the record, and therefore this court cannot pass upon the several written charges requested by the defendant other than the general charge, which will be referred to hereafter. Williams v. State, 16 Ala. App. 325, 77 South. 919; Biles v. State, 16 Ala. App. 404, 78 South. 320.

[1] The predicate laid to the witness Vera Glenn for the purpose of impeaching her testimony was not sufficient, and hence the objection of the state to the testimony of the witness Gullege as to what she told him was properly sustained.

[2] The evidence in this case shows without dispute that the defendant and Vera Glenn had been going together from the time they were mere children, and that during that time, and when she was a child and he her boy sweetheart, under a promise of marriage, she yielded to his embraces and gave to him that most priceless of all things, a maiden's virtue. From that point there is a divergence of the testimony; she testifying that when the engagement was broken off the intercourse ceased; he that it continued without interruption until he went to the army, and that when he returned home from France he again took up the illicit intercourse, without promise of marriage, and continued it as long as he desired; she testifying that she only resumed the relationship again upon a new promise of marriage, and that when they had first ceased to be engaged she did not yield to him, and never had intercourse with defendant except at times when she was engaged to him and relying on his promises. There is evidence tending to corroborate the girl's testimony and an entire absence of any evidence tending to prove that she was ever untrue to the defendant in word, act, or deed, and, while the profert of their child alone may have satisfied the jury of the truth of a material part of her statement (Tarver v. State, 17 Ala. App. 424, 85 South. 855), there was ample evidence of corroboration of her other statements to meet the requirements of the statutes.

[3, 4] And while the evidence shows, and defendant admits, that he once before seduced this girl by a promise of marriage, that fact cannot avail the defendant in this prosecution if she was chaste at the time of the act fixed by the prosecution. Herbert v. State, 16 Ala. App. 213, 77 South. 83; Suther v. State, 118 Ala. 88, 24 South. 43. This was a question for the jury under all the evidence, and the court properly refused to give at the request of the defendant the general charge in his behalf.

We find no error in the record, and the judgment is affirmed.

Affirmed.