### DAVIS v. STATE.   (8 Div. 922.)

(Court of Appeals of Alabama.  May 9, 1922.)

1. **Seduction ⬯40—Evidence as to pregnancy and childbirth subsequent to date fixed as that on which crime was committed inadmissible.**

In a prosecution for seduction, in which it was claimed that the crime had been committed on a certain date, evidence that subsequent to such date the prosecutrix became pregnant and gave birth to a child *held* inadmissible.

2. **Seduction ⬯40—Evidence of acts and promises subsequent to date on which prosecutrix testifies she was seduced inadmissible.**

In a prosecution for seduction, in which prosecutrix testifies that she was seduced on a specific date, evidence of subsequent acts and promises is not admissible.

3. **Criminal law ⬯369(1)—Testimony that defendant took prosecutrix to a doctor to have abortion produced held inadmissible as involving subsequent matters relating to another crime.**

In a prosecution for seduction, testimony that after the prosecutrix became pregnant, due to intercourse subsequent to the date of the alleged seduction, the defendant took her to a doctor for the purpose of producing or having produced an abortion, and as to what was said when he met the doctor *held* inadmissible, since such testimony involved subsequent matters relating to another crime not growing out of, or being a part of, the transaction.

4. **Seduction ⬯42—Testimony that prosecutrix more than 5 years before commission of crime was several times in company of other man held inadmissible.**

In prosecution for seduction, testimony that some 5½ years before the crime was alleged to have been committed, when the prosecutrix was a girl 14 years of age, she was in the company of a certain man several times at different places, at which times she was not shown to have been guilty of improper conduct, *held* properly excluded, not tending to show unchastity, and being extremely remote.

5. **Criminal law ⬯1045—Refusal of charges not marked refused not considered.**

Refusal of charges not marked refused by presiding judge, as provided by Acts 1915, p. 815, cannot be considered on appeal.

Appeal from Circuit Court, Morgan County; Robert C. Brickell, Judge.

Bailey Davis was convicted of seduction, and appeals.  Reversed and remanded.

Callahan & Harris, of Decatur, for appellant.

The inquiry is not as to character or reputation for chastity, but as to actual chastity.  118 Ala. 88, 24 South. 43; 118 Ala. 117, 24 South. 55; 86 Ala. 34, 5 South. 484; 73 Ala. 535.  Previous acts, conduct, and conversations are therefore admissible.  86 Ala. 36, 5 South. 443; Underhill, Crim. Evidence,

§ 392; 1 Wigmore, § 205; 134 Ala. 118, 32 South. 750.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

No error was committed in the admission or rejection of evidence.  17 Ala. App. 469, 86 South. 132; 4 Michie, Dig. 130.  The court cured any error, by excluding the evidence objected to.  2 Ala. App. 1, 56 South. 72; 13 Michie, 200.

SAMFORD, J.  The prosecuting witness testified that she was 20 years of age, unmarried, and the mother of a child; that she had known the defendant 5 or 6 years, and had kept company with him since January, 1919; that until he quit coming he visited her two or three times a week; that he took her to church and went around the community with her, sometimes in a buggy; that about May 1, 1919, she and defendant became engaged to be married; that Christmas, 1919, was the time set for the marriage; that defendant was the father of her child (profert was here made of the child); that the child was born April 30, 1920; that the defendant had had intercourse with witness; that the first time was the fourth Sunday in May, 1919; she then related the pleading of defendant causing her to yield, including a promise of marriage.  The defendant made timely and legal objections to all questions relating to child and its birth and motions to exclude the answers as they were given.  All of which objections and motions were overruled at the time, and all of such testimony, including the profert of the child, was permitted to go to and remain before the jury until after prosecuting witness had testified in detail as to the intercourse at the time of the alleged seduction.  The court, then, without further motion from the defendant, acting on the defendant's previous motion to exclude, said:

"I will now grant your motion to exclude the baby as evidence and her statements of his being its father."

The defendant on cross-examination of the prosecutrix and later by direct testimony sought to prove some acts of association between one Cobb and prosecutrix in the year 1916, which the court would not permit.  After this and on redirect examination, over the timely objection and exception of defendant, prosecutrix was permitted to testify that, after she became pregnant she had a conversation with defendant about her condition; that it was after she became pregnant, the last of August or September, 1919; that after she became pregnant defendant carried her to Dr. Suits; that defendant said she would have to get rid of that child, or we couldn't marry and stay there, that they would have to leave; that was when she went to see Dr. Suits; that defendant car-

ried her about 15 miles in a buggy to Dr. Suits; that Dr. Suits called defendant off back of the buggy; that when defendant came back he said they were going to perform some sort of operation on her to get rid of the baby.

[1, 2] This court in Herbert v. State, 16 Ala. App. 213, 77 South. 83, held to the opinion that:

"Subsequent and continuous association, protestations of love, and acts [of intercourse] with the prosecutrix, tended to corroborate the state's witnesses, and to have shown a motive for her having yielded her virtue to him"

—and we tried in that case to differentiate it from the case of Pope v. State, 137 Ala. 59, 34 South. 840, but on certiorari to the Supreme Court (Herbert v. State, 201 Ala. 480, 78 South. 386) the Supreme Court took a different view, and held that:

"Where prosecutrix testified that she was seduced on a specific date, evidence of subsequent acts and promises should not have been admitted over objection."

The above quotation is now the law on the subject, and courts must be governed by it. After the prosecutrix had testified that the seduction took place on the fourth Sunday in May, 1919, the court permitted all the details of the birth of the child, begotten at a later date, together with the profert of the baby, to remain before the jury, over the objections and exceptions of the defendant, during the entire examination in chief of the prosecutrix, and then without further motion of defendant merely said:

"I will now grant your motion to exclude the baby as evidence, and her statement of his being its father."

The testimony was of a highly prejudicial nature, and, being illegal, the harm done could not be eradicated by a mere formal statement, such as was used in this case. When a mass of illegal testimony has been admitted, it is always a serious question as to how far such testimony, though withdrawn in the most explicit and emphatic manner, has injuriously affected the party against whom it was admitted, and in Maryland Casualty Co. v. McCallum, 200 Ala. 154, 156, 75 South. 902, 904, the Supreme Court, speaking through Sayre, J., said:

"This court has always regarded the practice with cautious disapproval."

And, as was said in Watson v. Adams, 187 Ala. 490, 499, 65 South. 528, 530 (Ann. Cas. 1916E, 565):

"The burden and obligation to subsequently remove, to wholly neutralize, the prejudicial effect wrought by the admission, over the adversary's seasonable and apt objection, of such illegal matter is upon the party inducing the admission of such illegal matter as evidence in the cause."

We can hardly conceive of a case where the illegal testimony admitted would tend more to prejudice the minds of the jury or where as little was done to eradicate the injury as appears from the record in this case.

[3] It having been shown that the pregnancy of prosecutrix took place at a date subsequent to the date fixed as the date of the seduction, under the foregoing authorities such fact was irrelevant and a conversation by defendant and prosecutrix about that condition would be immaterial. Also the testimony that after she was pregnant defendant carried prosecutrix to a doctor for the purpose of producing, or of having produced, an abortion, and what was said when they met the doctor was not admissible. This was inquiring into subsequent matters relating to another crime, not growing out of or being a part of the seduction.

[4] The testimony offered by the defendant, to the effect that some 5½ years before, when the prosecutrix was a girl 14 years of age, she was in the company of one Grover Cobb several times, once at a party, once on the road, once at his store, and perhaps at other times, on none of which occasions was any improper conduct shown, was properly excluded. There was nothing in the testimony offered to show the unchastity of prosecutrix, and besides it was extremely remote.

[5] The charges appearing in the transcript under the head "Refused Charges for Defendant" are not marked refused by the presiding judge, as is required by Acts 1915, p. 815, and hence cannot be considered.

The other questions raised will probably not arise on another trial.

The rulings of the court on the trial were not in accord with the foregoing opinion, and for the reasons therein given the judgment is reversed, and the cause is remanded.

Reversed and remanded.