## MASKE v. STATE. (6 Div. 26.)

(Court of Appeals of Alabama. Jan. 9, 1923.)

**1. Seduction ⬅44—Evidence of acts subsequent to seduction held inadmissible.**

In seduction prosecution, it was error to permit prosecutrix to testify, over objection and exception of accused, to acts between her and defendant committed subsequent to the time of the alleged seduction.

**2. Seduction ⬅40—Testimony of prosecutrix as to birth and paternity of child held inadmissible.**

In seduction prosecution, it was error to permit prosecutrix to testify, over accused's objection, that about 15 months after the alleged seduction she gave birth to a child, and that accused was its father.

**3. Criminal law ⬅404(1)—Exhibition of child and argument held error.**

In seduction prosecution, it was error to permit a child, alleged to have been born to prosecutrix as a result of the seduction, to be exhibited to the jury, and to permit counsel for the state to comment in argument relative to the child and its likeness, etc., to defendant.

Appeal from Circuit Court, Jefferson County; H. P. Heflin, Judge.

Coyle Maske was convicted of seduction, and he appeals. Reversed and remanded.

Ellis & Matthews, of Birmingham, for appellant.

Acts of intercourse by the parties subsequent to a seduction are inadmissible, and it is prejudicial error to admit evidence thereof over defendant's objection. 149 La. 617, 89 South. 866; 78 South. 386; 137 Ala. 56, 34 South. 840; 18 Ala. App. 482, 93 South. 269. The introduction of testimony as to the birth and paternity of a child born 15 months after an alleged seduction is indirect proof of an act of intercourse subsequent to the seduction, and the admission of such testimony constitutes error. 110 N. Y. 188, 17 N. E. 736; 192 Mich. 331, 158 N. W. 870; 121 Miss. 230, 83 South. 164; 136 Iowa, 322, 111 N. W. 446; 222 S. W. 936; 55 N. Y. 644; 180 Ky. 379, 202 S. W. 896, 1 A. L. R. 617; 11 Cal. App. 431, 105 Pac. 420; 35 Cyc. 1353. The paternity of a child is immaterial in a prosecution for seduction, unless it is the fruit of the seduction, and then only for the purpose of corroborating the prosecutrix as to the time of the seduction and as to the fact of intercourse. 73 Ala. 51; 110 N. Y. 188, 17 N. E. 736; 192 Mich. 331, 158 N. W. 870; 121 Miss. 230, 83 South. 164; 136 Iowa, 322, 111 N. W. 446; 222 S. W. 936; 55 N. Y. 644; 180 Ky. 379, 202 S. W. 896; 11 Cal. App. 431, 105 Pac. 420; 13 Cyc. 1353. The court takes judicial knowledge of the period of gestation. 181 Cal. 82, 183 Pac. 552, 7

A. L. R. 313; 62 Neb. 368, 87 N. W. 166; 134 App. Div. 110, 118 N. Y. Supp. 817; 128 Mo. 540, 31 S. W. 946; 10 S. D. 127, 72 N. W. 84.

Harwell G. Davis, Atty. Gen., for the State.

No brief reached the Reporter.

BRICKEN, P. J. [1-3] The defendant was indicted for and convicted of the offense of seduction; the alleged injured party being one Edna Jones. Under her testimony the offense was committed in the month of April, 1920; she having testified that "he first had sexual intercourse with me in April, 1920." This witness was permitted to testify, over the objection and exception of defendant, to acts between her and defendant committed subsequent to the time of the alleged seduction. And over the objection of defendant she was also permitted to testify that on the 31st day of July, 1921 (which was about 15 months after the alleged seduction) she gave birth to a child and that the defendant was its father. Under like conditions the child was exhibited to the jury and counsel for the state was permitted to comment in argument relative to the child and its likeness, etc., to defendant. In each of these rulings the court committed error prejudicial to the substantial rights of the defendant. And as this case is in a marked degree similar to the following cases, and the rulings here complained of are practically upon all fours with the rulings of the court condemned in the following cases; a further discussion of these questions is not deemed necessary: Davis v. State (Ala. App.) 93 South. 269;[1] Herbert v. State, 201 Ala. 480, 78 South. 386; Pope v. State, 137 Ala. 56, 34 South. 840; Dill v. State, 18 Ala. App. 187, 89 South. 866.

These several erroneous rulings necessitate a reversal of the judgment of conviction appealed from. This being true, there appears no necessity to discuss other questions presented upon this appeal.

Reversed and remanded.